# SUMMERS *v.* UNITED STATES.

## CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 502. Argued October 22, 23, 1913.—Decided November 10, 1913.

The court will if possible avoid construing a code of procedure as establishing a dual instead of a single procedure in the prosecution of crimes committed within the same territorial jurisdiction.

The fact that the courts of Territories may have such jurisdiction of cases arising under the Constitution and laws of the United States as that vested in the circuit and district courts does not make them circuit and district courts of the United States.

The Alaskan Code of Criminal Procedure is very complete and circumstantial. It covers every step in a criminal proceeding including the form of indictment of all crimes whether specifically defined therein or not.

Prior to the amendment of 1913, § 43 of Title II of the Alaskan Code of Criminal Procedure providing that the indictment must charge but one crime and in one form only, applied to the indictment for any offense whether specifically defined in that Code or not.

It is a substantial right, and not a mere matter of procedure, to have the indictment confined to one offense and in one form only; and the amendment of 1913 to such § 43, permitting the joinder of several offenses, did not have retrospective operation.

The principle that one good count will support a judgment of conviction does not apply where the accused has the right to defend against the validity of the indictment for joining the counts and this right has not been lost by failure to plead the defect.

Fault cannot be imputed by the appellate court to the accused for standing on a right under the law as it existed at the time of the trial because the law has been so amended meanwhile as to eliminate such right.

This court, having sustained appellant's contention that the indictment was insufficient, refrains from expressing any opinion on other contentions of appellant.

202 Fed. Rep. 457, reversed.

THE facts, which involve the validity of an indictment

charging more than one offense, found in Alaska, are stated in the opinion.

*Mr. Albert Fink,* with whom *Mr. Lewis P. Shackleford, Mr. Aldis B. Browne, Mr. Alexander Britton, Mr. Evans Browne* and *Mr. Kurnal R. Babbitt* were on the brief, for petitioner.

*Mr. Assistant Attorney General Adkins,* with whom *Mr. John Rustgard,* United States Attorney and *Mr. Karl W. Kirchwey* were on the brief, for the United States:

Petitioner has not been deprived of any constitutional or statutory right to trial by jury. *Diaz* v. *United States,* 223 U. S. 442, 454.

The right to trial by jury is the right as it existed at common law. *Thompson* v. *Utah,* 170 U. S. 343, 349; *Callan* v. *Wilson,* 127 U. S. 540, 549; *Schick* v. *United States,* 195 U. S. 65, 69; *West* v. *Gammon,* 98 Fed. Rep. 426; *United States* v. *Lair,* 195 Fed. Rep. 47, 52; *Hallinger* v. *Davis,* 146 U. S. 314, 318; *Craig* v. *State,* 49 Oh. St. 415; *People* v. *Chew Lan Ong,* 141 California, 550; *State* v. *Almy,* 67 N. H. 274.

At common law when a demurrer to an indictment, whether for misdemeanor or felony, was overruled, the defendant had no right to plead over, but the court entered judgment and imposed sentence; however, in some cases the court in its discretion permitted the demurrer to be withdrawn and a plea to be entered. 2 Hawkins P. C., c. 31, §§ 5, 7; 2 Hale P. C. 257; Archbold, Cr. Pl. (24th ed., 1910), 174; Wharton, Cr. Pl. and Pr. (9th ed.), §§ 404, 405; 2 Bishop, New Cr. Proc. (2d ed.), §§ 782, 784; Beale's Cr. Pl. & Pr., § 60, p. 53; *Reg.* v. *Hendy,* 4 Cox C. C. 243; *Reg.* v. *Faderman,* 4 Cox C. C. 359, 370; *State* v. *Norton,* 89 Maine, 290; *State* v. *Passaic Co. Ag. Society,* 54 N. J. L. 260; *People* v. *Taylor,* 3 Denio, 91.

All statutory rights were fully accorded petitioner. Section 1026 gave the right, but did not impose the necessity,

of trial by jury. It, and the statute which it embodied (17 Stat. 1580) were intended to modify the common-law rule and to give to every defendant, as a matter of right, an opportunity to defend on the facts after an indictment against him had been held good on demurrer. But Congress did not intend to make necessary a jury trial, if a defendant preferred to receive sentence on demurrer, either because he had no defense on the facts, or was content to rely on questions of law on appeal. See *Walden* v. *Holman*, 2 Ld. Raym. 1015; 7 Wentworth, 347; Keigwin's Precedents of Pl., p. 348.

The practice followed in the case was in strict accordance with the petitioner's right. The judgment overruled the demurrer without more. *Smith* v. *Harris*, 12 Illinois, 462, 466.

Section 1032, Rev. Stat., is not applicable to this case. 2 Hale P. C. 315.

The common law is legislated into Alaska by § 218 of the Penal Code of 1899 and by § 367 of the act of June 6, 1900 (31 Stat. 321).

Under the common law, as shown, a judgment is final when the party stands on his demurrer. *People* v. *King*, 28 California, 265. *Re McQuown*, 11 L. R. A. (N. S.) 1136, distinguished.

Section 1026 did not therefore go to the jurisdiction of the court; it merely invested petitioner with a right which he was free to assert, but which he might waive by his voluntary act. When he declined to proceed to trial and persuaded the court to impose sentence on the demurrer, he was bound by his election. *Diaz* v. *United States*, 223 U. S. 442, 454; *Schick* v. *United States*, 195 U. S. 72; *Queenan* v. *United States*, 190 U. S. 548, 551; *Rodriguez* v. *United States*, 198 U. S. 156, 164; *Powers* v. *United States*, 223 U. S. 303, 312.

This court will decide the case on the present law; that law authorizes the joinder of several offenses, and the

judgment below will not be reversed if upon rehearing the same order must be entered.

Even if § 43 of the Alaskan Code governed at the time of trial, that section has now been amended to accord with § 1024, Rev. Stat.

An appellate court will decide a matter upon the law in force at the time of its decision; so that an error may become immaterial by reason of a change in the law. *United States v. Schooner Peggy,* 1 Cr. 103; *Pugh v. McCormick,* 14 Wall. 361; *Dinsmore v. Southern Express Co.,* 183 U. S. 115; *Keller v. State,* 12 Maryland, 322; *Muskogee Nat. Tel. Co. v. Hall,* 64 S. W. Rep. 600; *Hubbard v. Gilpin,* 57 Missouri, 441; *Wayne Co. v. St. Louis &c. Railroad,* 66 Missouri, 77; *Myers v. Hollingsworth,* 26 N. J. L. 186, 191. See also *Wade v. St. Mary's School,* 43 Maryland, 178; *Simpson v. Stoddard,* 173 Missouri, 421, 476; *St. Louis &c. Ry. Co. v. Berry,* 42 Tex. Civ. App. 470; *Perry v. Minneapolis Street Ry. Co.,* 69 Minnesota, 165; *People v. Syracuse,* 128 App. Div. 702.

Petitioner could not neglect to make full defense, and speculate on a reversal because of an error of law which in a legal sense occasioned no possible prejudice. *Royal Ins. Co. v. Miller,* 199 U. S. 353, 369.

The amended statute is not *ex post facto* as applied to offenses committed before its passage. It is a mere change in the rules of procedure, which dispenses with none of the substantial protections with which the law surrounds the accused. Cooley, Const. Lim. (7th ed.), 326; *Mallett v. North Carolina,* 181 U. S. 589; *Duncan v. Missouri,* 152 U. S. 377; *Hopt v. Utah,* 110 U. S. 57; *Gibson v. Mississippi,* 162 U. S. 565, 590; *Thompson v. Missouri,* 171 U. S. 380, 386; *Hallock v. United States,* 185 Fed. Rep. 417.

As to other statutes, see *Watson v. Commonwealth,* 16 B. Mon. 15; *State v. Ryan,* 13 Minnesota, 370, 376; *State v. Hoyt,* 47 Connecticut, 518; *South v. State,* 86 Alabama, 617; *Mathis v. State,* 31 Florida, 291; *Commonwealth v. Brown,*

121 Massachusetts, 69, 78; *State* v. *Pell*, 140 Iowa, 655; *Marion* v. *State*, 20 Nebraska, 233.

Petitioner received no greater sentence than must have been imposed on a conviction of one crime only.

One good count will support a judgment. *Claasen* v. *United States*, 142 U. S. 140.

Prejudice cannot be shown because the error might have been cured had petitioner gone to trial; if he had been acquitted on all counts there would have been nothing to appeal from.

Where there is a misjoinder of counts in an indictment and a conviction on one only, the error is immaterial. *Myers* v. *State*, 92 Indiana, 390, 394; *Commonwealth* v. *Packard*, 5 Gray, 101; *Commonwealth* v. *Adams*, 127 Massachusetts, 15; *Pointer* v. *United States*, 151 U. S. 396; *State* v. *Buck*, 59 Iowa, 382; *Mills* v. *State*, 52 Indiana, 187.

The error was one of form cured by § 1025, Rev. Stat. *United States* v. *Nye*, 4 Fed. Rep. 888; *United States* v. *Durland*, 65 Fed. Rep. 408, 413; *Connors* v. *United States*, 158 U. S. 408.

The practice in this case is governed by § 1024, Rev. Stat., and not by § 43 of the Alaskan Code.

The Penal and Criminal Procedure Codes of Alaska apply only to the crimes therein mentioned, and not to crimes defined in the Revised Statutes or other general laws of the United States. See 30 Stats. 1253, § 1891, Rev. Stat.; act of May 17, 1884, 23 Stat. 53, §§ 7, 9; *Kie* v. *United States*, 27 Fed. Rep. 351; Carter's Alaska Codes, p. xvii.

Under the act of 1899 those Oregon statutes which Congress deemed applicable to Alaska were codified.

The Penal and Criminal Procedure Codes are coextensive, and the provisions of the Procedure Code relate only to those offenses defined in the Penal Code.

The general laws of the United States not locally inapplicable, including § 1024, Rev. Stat., are in force in

Alaska. Section 1891, Rev. Stat., applies to Alaska since it became an organized Territory by the act of May 17, 1884. *Int. Comm. Com.* v. *Humboldt S. S. Co.,* 224 U. S. 474, 481; *Nagle* v. *United States,* 191 Fed. Rep. 141; act of May 17, 1884; *Kie* v. *United States,* 27 Fed. Rep. 351; *Fitzpatrick* v. *United States,* 178 U. S. 304.

Section 1024 is locally applicable to Alaska. It applies to all courts of the United States. Whenever the District Court for Alaska is exercising the jurisdiction of a district court of the United States the Federal rules apply. *McAllister* v. *United States,* 141 U. S. 174; *Steamer Coquitlam* v. *United States,* 163 U. S. 346; *In re Cooper,* 138 U. S. 404; *S. C.,* 143 U. S. 494; *United States* v. *Pacific & Arctic Co.,* 228 U. S. 87. See also *Embry* v. *Palmer,* 107 U. S. 3, 9; *Benson* v. *Henkel,* 198 U. S. 1, 13; *Hyde* v. *Shine,* 199 U. S. 62, 75; *United States* v. *Haskins,* 3 Sawy. 262; *Moss* v. *United States,* 23 App. D. C. 475.

A dual system of procedure does exist in Alaska. There is a dual jurisdiction both Federal and territorial. *Ex parte Crow Dog,* 109 U. S. 556; § 10, Code Crim. Proc.; *United States* v. *Folsom,* 38 Pac. Rep. 70; *Benson* v. *Henkel,* 198 U. S. 1, 13.

If a dual practice exists as to these things there can be no objection to other differences in practice as applied to prosecutions for Federal crimes. The cases cited by petitioner do not support his contention. *Clinton* v. *Englebrecht,* 13 Wall. 434; *Hornbuckle* v. *Toombs,* 18 Wall. 648; *Reynolds* v. *United States,* 98 U. S. 145; *Miles* v. *United States,* 103 U. S. 304, 310; *Good* v. *Martin,* 95 U. S. 90; *Thiede* v. *Utah,* 159 U. S. 510, 514, are not opposed to the Government's argument.

This case is governed by *Page* v. *Burnstine,* 102 U. S. 664, 668.

As to the difference between the ordinary Territory and Alaska, see *Thiede* v. *Utah,* 159 U. S. 510; *Bird* v. *United States,* 187 U. S. 118.

Mr. Justice McKenna delivered the opinion of the court.

Petitioner was indicted under § 5209 of the Revised Statutes, relating to national banks, and was charged with fifty-six separate violations of the section. He demurred to the indictment on the ground, among others, that it violated § 43 of the Criminal Code of Alaska, known as Carter's Code, in that more than one crime was charged. Act of March 3, 1889, Title II, c. 429, 30 Stat. 1253, 1290.

The demurrer was overruled, to which ruling petitioner excepted. He then gave written notice "of election to stand upon the said demurrer and not further plead and to take advantage of the provisions of section 97 of the Alaskan Code of Criminal Procedure, and to submit to judgment thereunder and forthwith take his appeal to the Circuit Court of Appeals for the Ninth Circuit."

The Government objected to the entry of judgment until the cause had been submitted to a jury for trial and a verdict rendered, urging that § 97 of the Code of Alaska (30 Stat. 1267) did not apply but that §§ 1026 and 1032 [1] of the Revised Statutes governed the procedure. After argument, the court ruled that the Federal procedure prevailed in all proceedings in the cause, but that the de-

---

[1] Sec. 1026. In every case in any court of the United States, where a demurrer is interposed to an indictment, or to any count or counts thereof, or to any information, and the demurrer is overruled, the judgment shall be *respondeat ouster;* and thereupon a trial may be ordered at the same term, or a continuance may be ordered as justice may require.

Sec. 1032. When any person indicted for any offense against the United States, whether capital or otherwise, upon his arraignment stands mute, or refuses to plead or answer thereto, it shall be the duty of the court to enter the plea of not guilty on his behalf, in the same manner as if he had pleaded not guilty thereto. And when the party pleads not guilty, or such plea is entered as aforesaid, the cause shall be deemed at issue, and shall, without further form or ceremony, be tried by a jury.

fendant (petitioner) might waive trial by jury, if he so elected, and have judgment entered against him pursuant to the provisions of § 97 of Title II.[1]

The court then asked petitioner if he was guilty or not guilty of the crime. Petitioner stood mute, refused to plead, elected to stand on his demurrer and have judgment rendered against him in accordance with § 97. He was then adjudged guilty and sentenced to imprisonment for five years for each of the offenses, to run concurrently, the entire sentence to be completed at the end of five years.

Judgment was affirmed by the Circuit Court of Appeals. 202 Fed. Rep. 457.

The first question in the case is whether § 43 of Title II of the Alaskan Criminal Code applies or § 1024 of the Revised Statutes. They read, respectively, as follows:

"SEC. 43. That the indictment must charge but one crime, and in one form only; except that where the crime may be committed by use of different means the indictment may allege the means in the alternative." 30 Stat. 1290.

"SEC. 1024. When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments, the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

The trial court and the Circuit Court of Appeals held, as we have seen, that § 1024 applied, and this is the conten-

---

[1] SEC. 97. That if the demurrer be disallowed, the court must permit the defendant, at his election, to plead, which he must do forthwith, or at such time as the court may allow; but if he do not plead, judgment must be given against him. 30 Stat. 1295.

tion of the Government. Petitioner asserts the applicability of § 43 of the Alaskan Code.

The trial court expressed its recognition of the difference between a district and circuit court of the United States and a territorial court, such as the District Court of Alaska was expressed to be, but was of opinion that when the latter court exercises jurisdiction to enforce the laws of the United States, "not only the substantive law but the machinery, the procedure which enables the court to enforce the substantive law," applied. The Circuit Court of Appeals, in a circumstantial opinion, reached the same general result and considered that the Alaskan Code, by its title and some of its provisions, explicitly specialized the crimes relating to Alaska and the procedure applicable to them. The title of the act is, it was said, "An Act to define and punish crimes in the District of Alaska, and to provide a code of criminal procedure for said district"; the enacting clause is, "That the penal and criminal laws of the United States of America and the procedure thereunder relating to the District of Alaska shall be as follows," and § 2, c. 1, Title 1, provides "That the crimes and offenses defined in this Act committed within the District of Alaska shall be punished as herein provided." It was hence concluded that as the offense charged in the indictment was not one mentioned in the Alaskan Code, it was not one to be governed by the local procedure but was left under the procedure prescribed in § 1024 of the Revised Statutes. The conclusion was fortified by a consideration of the genesis of the respective provisions. The result of the conclusion will be the existence of a dual procedure in the prosecution of different crimes committed within the same territorial jurisdiction. The result may have examples but it is certainly undesirable, and the systematic character of the Alaskan Code indicates a contrary intention.

Section 43 is a continuation of the procedure that had

been prescribed for Alaska. The act providing a civil government for that Territory, passed May 17, 1884, c. 53, § 7, 23 Stat. 24, 25 and 26, made the general laws of Oregon applicable to it, and those laws require "that the indictment must charge but one crime and in one form only." It is contended, however, that the laws of Oregon were declared to be the law of Alaska only in so far as they were applicable and not in conflict with the laws of the United States, and that necessarily the provision above-quoted in regard to the indictment was in conflict with § 1024 of the Revised Statutes. And it is further contended that the conflict is not reconciled, or rather that the difference in procedure is not removed, by § 43 of the Alaskan Code. We concede strength to these considerations but there are countervailing ones.

The Alaskan Code is quite an elaborate code of substantive and adjective law, the former containing twelve chapters of definitions of offenses against the person and property, the public safety and the public peace; the other containing elaborate and circumstantial provisions for the indictment and trial of offenders, their sentence and punishment, and a provision for appellate review. It seems to omit nothing of circumstance or detail necessary to a careful and advanced procedure. But its enumeration of offenses does not include all crimes against the United States, does not include the one under review, and it is hence contended that the procedure prescribed does not apply to the crimes not enumerated, and therefore, does not apply to the crime under review. In other words, it is contended that the procedure prescribed is complementary only to the crimes defined and has no broader application, leaving all other crimes to be governed by § 1024 of the Revised Statutes.

It is established that the courts of the Territories may have such jurisdiction of cases arising under the Constitution and laws of the United States as is vested in the cir-

cuit and district courts, but this does not make them circuit and district courts of the United States. It has been hence decided that the manner of impaneling grand juries prescribed for the circuit and district courts does not apply to the territorial courts. *Reynolds* v. *United States*, 98 U. S. 145, 154. See, as to trial juries, *Clinton* v. *Englebrecht*, 13 Wall. 434. In the latter case it was said "that the whole subject matter of jurors in the Territories is committed to territorial regulation" (p. 445).

This principle was applied to the mode of challenging petit jurors, *Miles* v. *United States*, 103 U. S. 304; to give defendants the right to separate trials and for the regulation of peremptory challenges to jurors, *Cochran et al.* v. *United States* (Circuit Court of Appeals, Eighth Circuit), 147 Fed. Rep. 206, 207. In *Fitzpatrick* v. *United States*, 178 U. S. 304, 307–8, it was said that the laws of Oregon must be looked to for the requisites of an indictment for murder rather than the rules of the common law. And this by virtue of the act providing a civil government for Alaska, presently referred to. See also *Thiede* v. *Utah Territory*, 159 U. S. 510.

In the case at bar there is direct legislation by Congress. Does the principle apply in such case? The first legislation for Alaska was an act of May 17, 1884, entitled "An Act providing civil government for Alaska," § 7 of which was as follows: "That the general laws of the State of Oregon now in force are hereby declared to be the law in said district so far as the same may be applicable and not in conflict with the provisions of this act or the laws of the United States." Chapter 53, 23 Stat. 25, 26. But what constitutes conflict? Mere difference, the Court of Appeals decided, citing *Kie* v. *United States*, 27 Fed. Rep. 351, 356. That, however, depends upon the purpose. Congress was legislating directly for Alaska; manifestly intended to distinguish it and intended the laws of Oregon to be its laws, regarding them as more suitable to its con-

ditions than general laws determined by or addressed to different conditions. See *United States* v. *Pridgeon*, 153 U. S. 48. And this appears to have been the view taken by the court in other cases.

In *Endleman* v. *United States*, 86 Fed. Rep. 456, the laws of Oregon were referred to to sustain an indictment to which a demurrer had been filed on the ground that it contained only one count and that several distinct offenses were charged in that count. The case, however, may be said to have only negative value in the discussion. It referred to the Criminal Code as constituting the law of the district but did not refer to or base the decision on that provision which required an indictment to charge "one crime and in one form only." The law of Oregon necessarily was decided to be controlling.

In *Jackson* v. *United States*, 102 Fed. Rep. 473, 477, the court resorted to the laws of Oregon to determine the qualifications of grand jurors, considering them as applicable under the organic act providing a civil government for the Territory.

In *Corbus* v. *Leonhardt*, 114 Fed. Rep. 10, the court refused to apply § 858 of the Revised Statutes which provides that in actions by or against executors and administrators neither party shall be allowed to testify against the other, and applied instead the law of Oregon permitting such testimony. And this by virtue of the provision of the act already cited making the laws of Oregon the laws of Alaska.

In *Ball* v. *United States*, 147 Fed. Rep. 32, 36, it was assigned as error that the trial court overruled the motion of Ball to require the district attorney to furnish him a list of all of the witnesses to be produced against him on the trial in accordance with § 1033 of the Revised Statutes. It was held that the section applied only to the trial of treason and capital cases in the courts of the United States. The court said, "The present case was

tried in a territorial court under the Penal Code and Code of Criminal Procedure of Alaska. Those codes contain no requirement that a list of witnesses be furnished the accused upon demand or otherwise." *Thiede* v. *Utah*, 159 U. S. 510, 514, was cited as holding that § 1033 does not control practice and procedure in territorial courts.

These cases in the Court of Appeals apply the principle of the cases in this court, which we have cited, that Congress by its legislation intends always special regulations for the Territories, to be exercised, it may be, through territorial legislatures or, as in the case of Alaska, by making the laws of Oregon the laws of Alaska, and subsequently by the code enacted for that Territory.

It is, however, the contention, as we have seen, that the limitations of the title of the Alaskan Codes and the omission from them of the crime under review make § 1024 applicable, or, to state it differently, make § 43 of Title II of the Code, which provides that "the indictment must charge but one crime and in one form only," applicable only to the crimes and offenses specifically defined in the act. If it be true that there is such limitation, it would follow that if the laws of Oregon were, before the enactment of the codes, applicable to other offenses in Alaska, they are still applicable. But we are not disposed so to limit the procedure in Alaska. It is, as we have said, very complete and circumstantial. It covers every step in a criminal proceeding, the first accusation, arrest, preliminary inquiry of guilt, duties of officers and magistrates, formation of grand juries, the indictment, trial and its conduct, verdict, sentence and judgment. The reason given for denying its application seems to us not adequate. It is said that § 1024 was originally contained in the act of February 26, 1853, c. 80, 10 Stat. 161, to regulate the fees of clerks, marshals and attorneys of the courts of the United States, and finally became § 823 of the Revised Statutes and by it made applicable to all of the States and

Territories. And it is said that the purpose of the act of 1853 and its continuance was to prevent the officers of the United States from increasing their fees by filing separate indictments when the offenses might be properly charged in one. But such a general purpose might easily be considered as yielding to the special provisions for Alaska expressed in the laws of Oregon and declared to be the law of Alaska and in the repetition of the provisions of those laws in the Code of Alaska, that but one offense shall be charged in the indictment. We cannot suppose that the purpose of regulating the fees of officers was more essential and dominant than that special provision, to have no effect as to the great body of crimes of ordinary and everyday commission defined in the Code, and yet apply to offenses less frequent.

By an act of the territorial legislature, approved April 26, 1913, c. 39, Session Laws, 1913, § 43 was amended so as to permit the joinder of two or more offenses or crimes of the same class in one indictment in separate counts, and it is hence contended by the Government that the act makes valid the indictment in the case at bar. It is therefore insisted that "the only result of a reversal will therefore be that petitioner will be re-tried under the present indictment or under a new indictment identical in form." If the trial court erred, it is further insisted, the error has become immaterial.

We are not disposed to give the act retrospective operation, so as to give validity to indictments found before its enactment, assuming for the argument's sake that it could have been given such operation. The evil of so considering it is manifest. Petitioner stood on his demurrer in reliance upon the then existing law, and fault cannot be imputed to him for doing so. Had the law been different his pleading might have been different, and instead of submitting to judgment he might have contested the charges against him. This is certainly a substantial right. The Govern-

ment seems to urge that he was in fault for not contesting the charges and by not doing so took all chances of the change of the law, and that besides, it is urged, he received no greater sentence than must have been imposed on a conviction of one crime only, as the minimum sentence under § 5209 is five years. It is contended that the principle that one good count will support a judgment is applicable. But this overlooks the right of petitioner to have defended against the indictment, the right which, we repeat, he did not lose by pleading its defects under the then existing law.

It is contended by petitioner that the trial court in imposing sentence and judgment upon him denied him the constitutional right of trial by jury, and that, the offenses charged against him being felonies, he was without power to waive a jury trial. Of this contention, we are not required to express opinion, having found the indictment against him insufficient.

*Judgment reversed and cause remanded to the District Court for the District of Alaska, Division No. 1, with directions to sustain the demurrer to the indictment.*