JOHNSON et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. December 17, 1917.)

No. 2891.

1. EVIDENCE ☞83(1)—PRESUMPTIONS—OFFICIAL DUTY.
   There is a presumption that a United States marshal will perform his duty in serving a special venire without favor.

2. JURY ☞70(11)—SPECIAL VENIRE—DRAWING.
   Rev. St. § 803 (Comp. St. 1916, § 1256), declares that writs of venire facias, when ·directed by the court, shall issue from the clerk's office, shall be served and returned by the marshal in person or by his deputy, or, in case the marshal or his deputy is interested, by such fit person as may be specially appointed for that purpose by the court, while section 804 (section 1257) declares that when, from challenges or otherwise, there is not a petit jury to determine any civil or criminal case, the marshal or his deputy shall, by order of the court in which such defect of jurors happens, return jurymen from the bystanders sufficient to complete the panel, and, when the marshal or his deputy is disqualified,

jurors may be so returned by such disinterested person as the court may appoint. In a prosecution for gambling, after 7 jurors had been drawn from the box, the panel was exhausted. Thereupon the court ordered a special venire of 25 jurors, returnable the following morning. Before the venire was issued, defendants moved that a special officer be appointed to serve the same, on the ground that the United States marshal and his deputies were not indifferent persons and were interested in the case. It appeared that the marshal out of his own funds hired a private individual to detect gambling, and on information furnished by such individual, who admitted that he participated in the offenses, a prosecution was instituted against defendants. *Held* that, notwithstanding the presumption that the marshal would perform his duty without favor, he could not be deemed an indifferent person, and a special officer to serve the venire should have been appointed.

3. JURY ⬅70(11)—SELECTION—SPECIAL VENIRE.

As Comp. Laws Alaska. § 2228, declaring that when an action is called for trial the clerk shall draw from the trial jury box the ballots containing the names of the jurors until the jury is completed, or the ballots are exhausted, and that, if the ballots become exhausted before the jury is completed, the marshal under the direction of the court shall summon from the bystanders or the body of the district so many qualified persons as may be necessary to complete the jury, does not provide for the appointment of an elisor, and there is no such provision in the Alaska statutes, Rev. St. §§ 803, 804, providing for the appointment of a special officer to summon bystanders or a special venire when the marshal or his deputy is interested in the outcome of the case, are applicable.

In Error to the District Court of the United States for the Second Division of the District of Alaska; J. R. Tucker, Judge.

Ed Johnson and A. C. Laird were convicted of gambling, and they bring error. Reversed and remanded for new trial.

The plaintiffs in error, Johnson and Laird, were convicted of gambling by playing "stud poker" on January 5, 1916. They were fined, and thereafter sued out writ of error. Many errors are assigned, but we need only consider one. When the case was being proceeded with for trial, and 7 jurors had been drawn from the box, the panel was exhausted. Thereupon the court ordered a special venire of 25 jurors returnable the following morning. Before the venire was issued counsel for defendants moved that a special officer be appointed to serve the venire about to issue for additional jurymen, on the ground that the United States marshal and his deputies were not indifferent persons and were interested in the event of the cause. The motion was based upon the affidavit of George B. Grigsby. Esq., one of the counsel for defendants, who set forth: That on April 26, 1916, there had been a previous trial of the action in the same court in which it was then pending, which had resulted in a disagreement of the jury; that on the previous trial one N. V. Nelson testified that on December 30, 1915, he was employed by E. R. Jordan, United States marshal for the Western division, district of Alaska, to look for gambling in the town of Nome; that thereafter, pursuant to such employment, Nelson gambled for money in the Arctic Billiard Parlors, and that on January 5, 1916, he had gambled for money with certain of the defendants; that during the progress of the game he had reported the existence of the gambling to Deputy Marshal Holland; that thereupon Nelson returned to the billiard parlor, and shortly thereafter Holland, with three other deputy marshals, entered the place and arrested the defendants without a warrant; that at the former trial Jordan testified that he employed Nelson and paid him $65 for his services out of his personal funds; that on the former trial one Moore testified that before December 25, 1915, he heard Marshal Holland say to the defendant Johnson, "I am coming after you and I am going to get you;" that Jordan and all of his deputy marshals were witnesses on the former

trial, and with the exception of Nelson and the deputy marshals named there was no evidence tending to prove that defendants played the games mentioned in the indictment, nor any evidence that the games mentioned in the indictment were played for money, except the evidence of Nelson; that the prosecution originated in the marshal's office, without the complaint of any private citizens; that by reason of the foregoing facts the marshal and his deputies were unduly interested in securing a conviction. The court overruled the motion, and the marshal proceeded to serve the special venire. Exception was preserved, and error was assigned.

Section 803 of the Revised Statutes of the United States is as follows: "Writs of venire facias, when directed by the court, shall issue from the clerk's office, and shall be served and returned by the marshal in person, or by his deputy; or, in case the marshal or his deputy is not an indifferent person, or is interested in the event of the cause, by such fit person as may be specially appointed for that purpose by the court, who shall administer to him an oath that he will truly and impartially serve and return the writ." Comp. St. 1916, § 1256.

Section 804, Revised Statutes of the United States, provides: "When, from challenges or otherwise, there is not a petit jury to determine any civil or criminal cause, the marshal or his deputy shall, by order of the court in which such defect of jurors happens, return jurymen from the bystanders sufficient to complete the panel; and when the marshal or his deputy is disqualified as aforesaid, jurors may be so returned by such disinterested person as the court may appoint, and such person shall be sworn, as provided in the preceding section." Comp. St. 1916, § 1257.

George B. Grigsby, of Juneau, Alaska, Hugh O'Neill, of Nome, Alaska, Thomas R. White, of San Francisco, Cal., and O. L. Willett, of Seattle, Wash., for plaintiffs in error.

F. M. Saxton, U. S. Atty., of Nome, Alaska.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

HUNT, Circuit Judge (after stating the facts as above). [1, 2] Zeal in performing official duty is to be commended, and activity by the proper officials in detecting violations of the law by using all proper means and methods is not at all inconsistent with indifference to any particular result other than the efficient administration of the law. But when a marshal, without authority of law or instructions from competent authority, hires a private individual to detect suspected violations of a particular law and pays such person out of his own private funds, and upon the information furnished by such person, who admits that he also participated in the offense under investigation, prosecution is instituted against certain persons, and the principal evidence relied on is to come from such employed detective, a situation is presented where, if on the trial a jury panel is exhausted, and it becomes necessary to draw jurymen from the bystanders, a defendant may well object to the drawing of such jurymen by the marshal or his deputies, upon the ground that he is not an indifferent person, and, if there be no denial of the facts and circumstances shown, the duty of the court is to specially appoint a fit person as provided by the statute.

The question is not whether there is a personal malice or ill will on the part of the marshal, but whether his acts and the surrounding circumstances have been such that they impel the belief that he is no

longer indifferent in his official attitude as between the United States and the persons on trial, and for that reason is not a fit person to be intrusted with the power to return jurymen from bystanders to complete the panel for the immediate case. We are keeping in mind the presumption that the marshal will do his duty without favor; but, lest he may not do so, the particular statute quoted interposes, with the object of insuring that absolute fairness of procedure, which can best be had by not allowing one who is not indifferent to select jurors from bystanders.

[3] It is said that as the procedure in criminal cases in Alaska is statutory, and as there is no statute expressly authorizing the appointment of an elisor, the United States statutes (803 and 804) quoted are not applicable. It is undoubtedly correct, in a general way, to say that the Alaska Criminal Code and Code of Criminal Procedure provide for nearly every step in criminal proceeding, including the method of drawing jurors. Summers v. United States, 231 U. S. 92, 34 Sup. Ct. 38, 58 L. Ed. 137. And as relating to the drawing of additional jurors we quote section 2229, Compiled Laws of Alaska:

"The trial jury shall be formed as follows: When the action is called for trial the clerk shall draw from the trial jury box of the court, one by one, the ballots containing the names of the jurors until the jury is completed or the ballots are exhausted. If the ballots become exhausted before the jury is complete, the marshal. under the direction of the court, shall summons from the bystanders or the body of the district so many qualified persons as may be necessary to complete the jury."

Certainly this statute must control as a rule. But, if it should come about that a showing is made of the manifest unfitness of the marshal to summon jurors, in the absence of local legislation directing how to proceed, the general law of the United States becomes wholly applicable and controlling. If this were not so, we would find that the guaranty that one accused shall have the right to trial by an impartial jury would mean less in Alaska than in the states. We are unable to assent to such a proposition. Thompson v. Utah, 170 U. S. 343, 18 Sup. Ct. 620, 42 L. Ed. 1061.

Reversed and remanded for a new trial.