## In re KEHOE.

Fourth Division. Fairbanks. June 12, 1923.

Supplemental Opinion Dec. 13, 1923.

No. 2648.

**1. Fines ⊙►13—Statutes—Convicts—Pardons.**

Applicant was convicted for violation of the National Prohibition Act (27 USCA), and applied for discharge from imprisonment being served by him for failure to pay a fine of $400, imposed as a penalty for such violation; application under .section 1042, Rev. St. U. S. (18 USCA § 641); the grounds of the application are that he has served over 30 days' imprisonment, that he is a poor person and is unable to pay the fine imposed, and is, therefore, entitled to be discharged from such imprisonment under said section 1042. *Held*, that section 1042, Rev. St. U. S., has no application in Alaska; the rule in this territory being that established by sections 2299 and 2301, Compiled Laws of Alaska 1913.

This is an application on behalf of Edward J. Kehoe, heretofore convicted for violation of the National Prohibition Act (27 USCA), for discharge from imprisonment being now served by him for failure to pay a fine of $400 imposed as a penalty for such violation, made under section 1042, Revised Statutes of the United States (18 USCA § 641).

The grounds of the writ are that he has served over 30 days' imprisonment and that he is a poor person and is unable to pay the fine imposed, and is therefore entitled to be discharged from such imprisonment under said section as therein provided.

⊙►See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

The government, through the United States attorney, has filed a motion to dismiss the proceedings on the ground that the provisions of said section 1042 of the Revised Statutes (section 1706, United States Compiled Statutes) are not applicable to relieve persons convicted in the territory of Alaska.

T. A. Marquam, of Fairbanks, for petitioner.
L. R. Gillette, Asst. U. S. Atty., of Twisp, Wash.

CLEGG, District Judge. Section 1042 of the Revised Statutes reads as follows:

"When a poor convict, sentenced by any court of the United States to pay a fine, or fine and cost, whether with or without imprisonment, has been confined in prison thirty days, solely for the nonpayment of such fine, or fine and cost, he may make application in writing to any commissioner of the United States court in the district where he is imprisoned, setting forth his inability to pay such fine, or fine and cost, and after notice to the district attorney of the United States, who may appear, offer evidence, and be heard, the commissioner shall proceed to hear and determine the matter; and if on examination it shall appear to him that such convict is unable to pay such fine, or fine and cost, and that he has not any property exceeding twenty dollars in value, except such as is by law exempt from being taken, on execution for debt, the commissioner shall administer to him the following oath: 'I do solemnly swear that I have not any property, real or personal, to the amount of twenty dollars, except such as is by law exempt from being taken on civil precept for debt by the laws of (state where oath is administered); and that I have no property in any way conveyed or concealed, or in any way disposed of, for my future use or benefit. So help me God.' And thereupon such convict shall be discharged, the commissioner giving to the jailer or keeper of the jail a certificate setting forth the facts."

Section 2299 of the Compiled Laws of Alaska reads as follows:

"That a judgment that the defendant pay a fine must also direct that he be imprisoned in the county jail until the fine be satisfied, specifying the extent of the imprisonment, which can not exceed one day for every two dollars of the fine; and in case the entry of judgment should omit to direct the imprisonment and the extent thereof, the judgment to pay the fine shall operate to authorize and require the imprisonment of the defendant until the fine is satisfied at the rate above mentioned."

And section 2301, Compiled Laws of Alaska, reads as follows:

"That a ·judgment that the defendant pay money either as a fine or as costs and disbursements of the action, or both, must be docketed as a judgment in a civil action and may be enforced by execution against the property of the defendant in like manner as judgments in civil cases are enforced: Provided, that where the judgment directs that the defendant shall be imprisoned until the fine or penalty imposed is paid, the issue of an execution on the judgment shall not operate to discharge the defendant from imprisonment until the amount of the judgment is collected or otherwise paid."

The main question for decision, as I understand it, is:

First. Is the District Court of Alaska, as now constituted, a court of the United States within the meaning of section 1042 of the Revised Statutes? And,

Second. Have the provisions of section 1042, Revised Statutes, any force in the territory, in view of the sections of the Compiled Laws of Alaska above quoted?

In the case of McAllister v. United States, 141 U. S. 174, 11 S. Ct. 949, 35 L. Ed. 693, the Supreme Court held that the District Court of Alaska was not one of the courts mentioned in article 3 of the Constitution, declaring that the judicial power of the United States shall be vested in one Supreme Court and in such inferior courts as Congress shall from time to time establish.

At the time of this decision, to wit, February 29, 1892, the court was construing the provisions of section 3 of the Act of Congress of May 17, 1884 (23 Stat. 24), which provided:

"That there shall be, and hereby is, established a District Court for said district, with the civil and criminal jurisdiction of District Courts of the United States, and the civil and criminal jurisdiction of District Courts of the United States exercising the jurisdiction of Circuit Courts, and such other jurisdiction, not inconsistent with this act, as may be established by law."

Section 363 of the Compiled Laws of Alaska, establishing the District Court in Alaska, is as follows:

"There is hereby established a District Court for the District of Alaska, with the jurisdiction of Circuit and District Courts of the United States and with general jurisdiction in civil, criminal, equity, and admiralty causes."

While there is a variation in the language used in establishing the court, as will be seen from a comparison of the sections quoted, the difference is merely a difference in the use of language, and, so far as I have been able to discover from a com-

parison of the two sections, makes no change in the powers of the District Court of Alaska; so that my conclusion is that the decision in the McAllister Case above referred to, holding that the District Court of Alaska is not one of the courts mentioned in article 3 of the Constitution, continues in full force and effect, notwithstanding a difference in the method employed in the Act of March 3, 1909, in stating what the powers of such court are.

Great emphasis is placed by the attorney for the applicant upon the case of In re Cooper, 138 U. S. 404, 11 S. Ct. 289, 34 L. Ed. 993, and Ex parte Cooper, decided February 29, 1892, 143 U. S. 472, 12 S. Ct. 453, 36 L. Ed. 233.

In the first Cooper Case above mentioned the Supreme Court held that, where the District Court of Alaska was acting as a District Court of the United States under the provisions of section 688, Revised Statutes (28 USCA § 342 [U. S. Comp. St. § 1211]), and as such proceeding in admiralty, it came within that section, and the Supreme Court had power to issue the writ of prohibition to that court in a proper case.

Section 688 of the Revised Statutes provides:

"The Supreme Court shall have power to issue writs of prohibition to the District Courts, when proceeding as courts of admiralty and maritime jurisdiction."

It will thus be seen that in the first Cooper Case the Supreme Court merely held that, where the District Court of Alaska was acting as a District Court of the United States, and as such proceeding in admiralty, it came within the provisions of that section; but this section has reference only to admiralty proceedings, and the decision of the court does not extend its power any further than in admiralty proceedings.

In the decision of the court in Ex parte Cooper, above referred to, the statement is made:

"But the District Court of Alaska is not alone a District Court of the United States and a District Court exercising Circuit Court powers; it is also a court of general law and equity jurisdiction."

This statement must be read in the light of the context, in which the Supreme Court is considering the jurisdiction and status of the District Court of Alaska with reference to admiralty proceedings under the provisions of section 688 of the Revised Statutes above quoted, and, in my judgment, must be limited to admiralty proceedings and go no further.

Prior to March 3, 1899, the laws of Oregon, civil and criminal, as far as applicable, were in force in Alaska, and on the last-named date Congress provided a special Criminal Code for Alaska, and on June 6, 1900, a Political and Civil Code of Civil Procedure for the territory. 31 Stat. 321. It is in this Code that sections 2299 and 2301, above quoted, occur.

I am unable to find any controlling decision of the Circuit Court of Appeals for the Ninth Circuit on the questions herein discussed subsequent to the date of the adoption of the Criminal and Civil Code above mentioned; but prior thereto, in the case of Jackson v. United States, 102 F. 479, that court says:

"The District Court for the District of Alaska is not, strictly speaking, a court of the United States, and does not come within the purview of the acts of Congress which speak of 'courts of the United States' only."

—citing Clinton v. Englebrecht, 13 Wall. 434, 447, 20 L. Ed. 659; Reynolds v. U. S., 98 U. S. 145, 154, 25 L. Ed. 244; McAllister v. U. S., 141 U. S. 174, 11 S. Ct. 949, 35 L. Ed. 693; Thiede v. Utah, 159 U. S. 510, 514, 515, 16 S. Ct. 62, 40 L. Ed. 247; U. S. v. McMillan, 165 U. S. 504, 510, 17 S. Ct. 395, 41 L. Ed. 805.

The section of the Revised Statutes relied upon by the applicant uses the term "any court of the United States," without any addition, qualification, or extension, and under the decision of the Circuit Court of Appeals for the Ninth Circuit these words do not include the District Court for the District of Alaska, which, by the same decision, give it merely the status of a territorial court, organized, not under the provisions of section 3 of the Constitution, but as a legislative or congressional court, organized either under the sovereign power of Congress or under the section of the Constitution which authorizes Congress to make all necessary rules and regulations for the government of a territory of the United States.

I therefore hold that section 1042 of the Revised Statutes is not applicable for the relief of persons sentenced by the District Court of the territory of Alaska.

This view is strengthened by the provisions of our Code already mentioned, which provides that:

"A judgment that the defendant pay a fine must also direct that he be imprisoned in the county jail until the fine be satisfied, specifying the extent of the imprisonment, which can not exceed one day for every two dollars of the fine; and in case the entry of judgment should omit to direct the imprisonment and the extent thereof, the

judgment to pay the fine shall operate to authorize and require the imprisonment of the defendant until the fine is satisfied at the rate above mentioned."

It appears from this section 2299, and the further section 2301, that, where a defendant is imprisoned for the nonpayment of a fine, the imprisonment works out the fine and satisfies it, or pays it. This is especially clear from the proviso in section 2301, which says:

"That where the judgment directs that the defendant shall be imprisoned until the fine or penalty imposed is paid, the issue of an execution on the judgment shall not operate to discharge the defendant from imprisonment until the amount of the judgment is collected or otherwise paid."

The only inference that can be drawn from the language of these two sections is that the imprisonment provided for in default of payment of a fine cancels or satisfies the fine and is the equivalent of payment.

In considering the provisions of section 1042 of the Revised Statutes, the discharge of a defendant under the provisions thereof does not discharge the fine nor release the defendant from liability therefor; its only purpose is to secure his release from further confinement.

And if it could be said that the provisions of section 1042, R. S., were applicable to Alaska prior to the adoption of our Code, the adoption of the Code, including sections 2299 and 2301, placed in operation in the territory a different set of provisions respecting imprisonment for nonpayment of fine, which looked to a complete satisfaction of the fine at the rate of $2 per day; and if these special provisions contained in the Code be in force in this territory after its adoption contemplated relaxing its provisions in favor of the provisions of section 1042 of the Revised Statutes, then and since 1872 in existence, no doubt Congress would have made some reference to this section of the Revised Statutes in adopting the provisions of our Code with reference to imprisonment for fine.

These latter considerations support the court in its view that the District Court of Alaska is not a court of the United States within the purview of section 1042 of the Revised Statutes. The motion of the government to dismiss the application will therefore be sustained and the proceedings dismissed.

## Supplemental Opinion.

Neither party in this case on the hearing called to the attention of the court the case of Summers v. United States, reported in 231 U. S. 92, 34 S. Ct. 38, 58 L. Ed. 137, and therefore, in the opinion rendered, no reference was made thereto and this case was entirely overlooked. It seems to be decisive upon the question involved and heretofore decided by this court in its opinion heretofore rendered.