**STARKLOF et al. v. UNITED STATES.**

Circuit Court of Appeals, Ninth Circuit.
June 13, 1927.

No. 5040.

1. **Courts ⬅405.(10)—Circuit Court of Appeals held without jurisdiction to review conviction in Alaska District Court, where sentence was deferred on only count authorizing imprisonment exceeding one year (National Prohibition Act, tit. 2, § 29 [Comp. St. § 10138½p]; Judicial Code, § 128, as amended by Act Feb. 13, 1925 [Comp. St. § 1120]).**

Where defendant was convicted in District Court for Territory of Alaska of furnishing and delivering intoxicating liquor to different persons under three counts, and of maintaining common nuisance under another count, and of a second offense under National Prohibition Act, tit. 2, § 29 (Comp. St. § 10138½p), under another count, and sentenced on all counts except the last, as to which sentence was deferred until the following term, *held*, Circuit Court of Appeals, under Judicial Code, § 128, as amended by Act Feb. 13, 1925 (Comp. St. § 1120), did not have jurisdiction to review conviction on writ of error, since no sentence was entered on the only count punishable by imprisonment for more than one year.

2. **Courts ⬅406(1⅛)—Joinder of counts in Alaska is governed by laws of Alaska, and conviction cannot be reviewed on theory of improper joinder under United States statute (Laws Alaska 1913, c. 39; Rev. St. § 1024 [Comp. St. § 1690]; Judicial Code, § 128, as amended by Act Feb. 13, 1925 [Comp. St. § 1120]).**

Joinder of several counts of indictment, or consolidation of indictments, in the territory of Alaska, is governed by the laws of the territory (Laws Alaska 1913, c. 39), and not by Rev. St. § 1024 (Comp. St. § 1690), and hence Circuit Court of Appeals, under Judicial Code, § 128, as amended by Act Feb. 13, 1925 [Comp. St. § 1120] has not jurisdiction to review conviction for several violations of National Prohibition Act, on theory that several counts were improperly joined in same indictment under statute of the United States.

3. **Indictment and information ⬅127—Joinder of counts or consolidation of indictments in Alaska is governed by laws of Alaska (Laws Alaska 1913, c. 39; Rev. St. § 1024 [Comp. St. § 1690]).**

The right to join several counts in a single indictment, or to consolidate indictments in the territory of Alaska, is governed by the laws of the territory (Laws Alaska 1913, c. 39), and not by Rev. St. § 1024 (Comp. St. § 1690).

4. **Territories ⬅8—Law of Alaska identical with federal statute is nevertheless law of Alaska and not of United States (Laws Alaska 1913, c. 39; Rev. St. § 1024 [Comp. St. § 1690]).**

Laws Alaska 1913, c. 39, though identical with Rev. St. § 1024 (Comp. St. § 1690), is none the less an act of the territory and not a law of the United States.

In Error to the District Court of the United States for Division No. 1 of the Territory of Alaska.

August Starklof and another were convicted of violating the National Prohibition Act, and they bring error. On motion to dismiss writ of error. Writ of error dismissed.

Harry G. McCain and Sherman Duggan, both of Ketchikan, Alaska, for plaintiffs in error.

Justin W. Harding, U. S. Atty., and Howard D. Stabler, Asst. U. S. Atty., both of Juneau, Alaska.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review separate judgments of conviction under the National Prohibition Act (Comp. St. § 10138¼ et seq.) from the territory of Alaska. The indictment contains 10 counts in all; but, inasmuch as a verdict of guilty was returned as to counts 3, 4, 7, 8, 9 and 10 only, we are not concerned with the remaining counts. The plaintiff in error Tessie Starklof was found guilty as to counts 3, 7, 8, 9, and 10, and the plaintiff in error August Starklof was found guilty as to counts 4, 7, 8, 9, and 10. Count 3 charged the plaintiffs in error jointly with the sale of intoxicating liquor to divers and sundry persons, whose names were to the grand jurors unknown, on July 4, 1926; count 4 charged a second offense, under section 29 of title 2 of the National Prohibition Act (Comp. St. § 10138½p), as against the plaintiff in error August Starklof alone; counts 7, 8, and 9 charged the plaintiffs in error jointly with furnishing and delivering intoxicating liquor to three different persons on July 3, 1926; and count 10 charged the plaintiffs in error jointly with maintaining a common nuisance on July 4, 1926.

The plaintiff in error Tessie Starklof was sentenced to pay a fine of $500 on each of counts 3, 7, 8, 9, and 10, and was committed to the federal jail until the fines were paid. The sentence was not executed, however, as she was placed on probation for a period of one year. The plaintiff in error August Starklof was sentenced to pay a fine of $500 on each of counts 7, 8, and 9, and to imprisonment for a period of one year in the federal jail and to pay a fine of $500 on count 10. As to count 4, sentence was deferred or suspended until the first day of the next term of court at Ketchikan.

The defendant in error has moved to dismiss the writ of error for want of jurisdic-

tion. Section 128 of the Judicial Code, as amended by the Act of February 13, 1925 (43 Stat. 936 [Comp St. § 1120]), provides, that the circuit courts of appeal shall have appellate jurisdiction to review by appeal or writ of error final decisions—

"* * * In the District Courts for Alaska or any division thereof, and for the Virgin Islands, in all cases, civil and criminal, wherein the Constitution or a statute or treaty of the United States or any authority exercised thereunder is involved; in all other civil cases wherein the value in controversy, exclusive of interest and costs, exceeds $1,000; in all other criminal cases where the offense charged is punishable by imprisonment for a term exceeding one year or by death, and in all habeas corpus proceedings. * * * *"

No one of the counts upon which sentence was imposed charged a crime punishable by imprisonment for a term exceeding one year, or by death, and this court is therefore without jurisdiction unless the Constitution or a statute or treaty of the United States or any authority exercised thereunder is involved.

[1] The plaintiff in error August Starklof contends that count 4 of the indictment charged an offense punishable by imprisonment for a term exceeding one year, and that the sufficiency of that count is also in question, thus involving a statute of the United States. But there was no final judgment or decision as to that count in the court below. For some reason not disclosed by the record the imposition of sentence thereon was continued to a later day. It was stated on the argument that the court was in doubt as to the sufficiency of the indictment to sustain the verdict. This doubt, perhaps, arose from the fact that the third count charged a sale of intoxicating liquor, and the fourth count charged that the sale thus made was a second sale, whereas the jury returned no verdict as to the third count. But whatever reason may have prompted the court to defer sentence, or whether the reason was good or bad, the fact remains that the case is still pending in the court below as to that count, and is still within the jurisdiction of that court, and without the appellate jurisdiction of this court. We have no right, therefore, to consider either the sufficiency of the count or the right to impose sentence thereunder. It is further suggested that the question of merger of counts 7, 8, and 9 into count 4 is involved, but that question is so devoid of merit as to present no question arising under the laws of the United States.

[2-4] The plaintiff in error Tessie Starklof raises the further objection that the several counts were improperly joined in the same indictment under section 1024 of the Revised Statutes (Comp. St. § 1690), and that a statute of the United States is therefore involved. But the right to join several counts in the same indictment, or to consolidate indictments in the territory of Alaska, is governed by the laws of the territory and not by section 1024 of the Revised Statutes. Summers v. United States, 231 U. S. 92, 34 S. Ct. 38, 58 L. Ed. 137. Chapter 39 of the Session Laws of Alaska for 1913 is identical with section 1024, but the act is none the less a law of the territory and not a law of the United States.

For these reasons, no one of the offenses of which the plaintiffs in error stand convicted is punishable by imprisonment for a term exceeding one year, or by death, and the Constitution or a statute or treaty of the United States or any authority exercised thereunder is not involved.

The writ of error is therefore dismissed for want of jurisdiction.