**REESE et al. v. FULTZ et al.**

No. A–6496.

United States District Court Alaska,
Third Division, Anchorage.

March 13, 1951.

450

Herman H. Ross, Anchorage, Alaska, for plaintiffs.

Harold J. Butcher, Anchorage, Alaska, for defendants.

DIMOND, District Judge.

This suit arises over terms expressed in a written lease of real property and alleged contemporaneous oral agreements between the parties supplementing the lease but not stated therein. One of the prayers is for a declaratory judgment defining the rights of plaintiffs and defendants with respect to the property under the terms of the lease and of the alleged parol agreements.

The defendants have filed a motion to dismiss the plaintiffs' complaint on the ground that the complaint does not state a claim against the defendants upon which relief can be granted. Heretofore, an order was made granting the motion to dismiss, because it was considered that this Court is without power to give a declaratory judgment, and upon the conclusion that the alleged oral agreements between the parties as to matters not embraced in the written lease could not be enforced under the parol evidence rule. Upon application of plaintiff, rehearing was had, and the motion again submitted.

The history and background of the Declaratory Judgments Act, Title 28 U.S.C.A. § 2201, are too well known to require comment. Only one feature of the act concerns us here and that is to be found in Section 2201 which reads in part, as follows: "In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, *any court of the United States* * * * may declare the rights and other legal relations of any interested party * * * whether or not further relief is or could be sought." (Emphasis supplied.)

That the District Court for the District (or Territory) of Alaska is not and never has been a "court of the United States" is too well settled to justify debate, Title 28 U.S.C.A. § 451, so it clearly appears that in the Declaratory Judgments Act, authority was not directly given to the District Court for the District of Alaska to grant such judgments. The District Court for the District of Alaska was created by the first paragraph of Section 4 of the Act approved June 6, 1900, 31 Stat. 322. At that time, as later declared by the Supreme Court, Willing v. Chicago Auditorium Ass'n, 1928, 277 U.S. 274, 48 S.Ct. 507, 72 L.Ed. 880, the courts of the United States were without power to grant declaratory judgments.

On June 25, 1948, the President approved an Act of Congress to revise, codify and enact into law, Title 28 of the United States Code, entitled "Judicial Code and Judiciary", and in Section 9, of that act is to be found a revision and amendment of Section 4 of the Act of June 6, 1900, the relevant portion of which, as so amended by Section 9 of the Act of June 25, 1948, 62 Stat. 986, 48 U.S.C.A. § 101, is quoted below: "There is established a district court for the District of Alaska, with the *jurisdiction of district courts of the United States,* and with general jurisdiction in civil, criminal, equity, and admiralty causes;   *   *   *." (Emphasis supplied.)

The conclusion is inescapable that in thus reenacting the first paragraph of Section 4 of the Act of June 6, 1900, many years after the passage of the Declaratory Judgments Act, Congress must be presumed to have intended what it said, and what it said is that the District Court of the District of Alaska possesses the jurisdiction of the District Courts of the United States.

Accordingly, the question which now confronts us is whether by enactment of the Declaratory Judgments Act, Congress made a grant of jurisdiction to the courts of the United States. In the common, ordinary meaning of the term, it may be logically argued that such a grant of jurisdiction was made. As ordinarily used, jurisdiction means "right to adjudicate concerning the subject matter in a given case", Ballentine's Law Dictionary. Therefore, the opinion of the Supreme Court in the

case of Willing v. Chicago Auditorium Ass'n, supra, rendered before the passage of the Declaratory Judgments Act, and probably not without influence in promoting the passage of the Act, says, in substance, that the courts of the United States could not then give declaratory judgments by reason of lack of jurisdiction. A consideration of that case, with the subsequently enacted law, would lead one to conclude that the Declaratory Judgments Act for the first time gave jurisdiction to the courts of the United States to render declaratory judgments.

But whatever might be the value of such an inference otherwise, it is nullified by later decisions of the Supreme Court, Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 1937, 300 U.S. 227, 57 S. Ct. 461, 81 L.Ed. 889, and Skelly Oil Co. v. Phillips Petroleum Co., 1950, 339 U.S. 667, 671, 70 S.Ct. 876, in which it is expressly held that the Declaratory Judgments Act contains no grant of jurisdiction. The following is quoted from the opinion in the Skelly Oil Co. case, supra, commencing at page 671 of 339 U.S., at page 879 of 70 S. Ct., " '[T]he operation of the Declaratory Judgment Act is procedural only.' Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461, 463, 81 L.Ed. 617. Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction. When concerned as we are with the power of the inferior federal courts to entertain litigation within the restricted area to which the Constitution and Acts of Congress confine them, 'jurisdiction' means the kinds of issues which give right of entrance to federal courts. Jurisdiction in this sense was not altered by the Declaratory Judgment Act. Prior to that Act, a federal court would entertain a suit on a contract only if the plaintiff asked for an immediately enforceable remedy like money damages or an injunction, but such relief could only be given if the requisites of jurisdiction, in the sense of a federal right or diversity, provided foundation for resort to the federal courts. The Declaratory Judgment Act allowed relief to be given by way of recognizing the plaintiff's right even though no immediate enforcement of it was asked. But the requirements of jurisdiction—the limited subject matters which alone Congress had authorized the District Courts to adjudicate—were not impliedly repealed or modified. See Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 300, 63 S.Ct. 1070, 1074, 87 L.Ed. 1407; Colegrove v. Green, 328 U.S. 549, 551–552, 66 S.Ct. 1198, 1199, 90 L.Ed. 1432.

To the same effect are Atlantic Meat Co. v. Reconstruction Finance Corp., 1 Cir., 1948, 166 F.2d 51, 56; Ohio Casualty Ins. Co. v. Maloney, D.C.Pa.1942, 44 F.Supp. 312. In Borchard's Declaratory Judgments, 2d Edition, page 232, it is suggested that what is said about jurisdiction in the case of Willing v. Chicago Auditorium Ass'n, supra, is dicta, and that the Declaratory Judgments Act affects only matters of practice, pleadings, forms and procedure, and not jurisdiction.

It necessarily follows, by definition of the Supreme Court, that in the enactment of the Declaratory Judgments Act, Congress made no grant of jurisdiction to any court of the United States, and hence, it may not rightly be asserted that the District Court of Alaska has such jurisdiction by reason of any grant of jurisdiction by the Act to the courts of the United States.

We are thus brought forward to consideration of the question whether, as a matter of procedure only, the District Court of Alaska has authority to give declaratory judgments. It is at least reasonably well settled that prior to the extension of the Federal Rules of Civil Procedure to Alaska by the Act of July 18, 1949, 63 Stat. 445, Title 48 U.S.C.A. § 103a, this Court was confined to the special procedure enacted for it by Congress and largely to be found in the Acts of March 3, 1899, 30 Stat. 1253 and of June 6, 1900, 31 Stat. 321, Summers v. United States, 1913, 231 U.S. 92, 34 S.Ct. 38, 58 L.Ed. 137.

Rule 57 of the Federal Rules of Civil Procedure, 28 U.S.C.A. now in force in Alaska, provides that "The procedure for obtaining a declaratory judgment pursuant to Title 28, U.S.C., § 2201, shall be in accordance with these rules  *  *  *."

But nothing in Rule 57, or elsewhere in the Rules, indicates that the provisions of Section 2201, the current Declaratory Judgments Act, may be dispensed with. Section 2201, as indicated, limits the authority therein given to "any court of the United States." It is apparent that Rule 57, standing alone, does not assume to give that authority. The same court that made the Rules has told us that the Declaratory Judgments Act made no grant of "jurisdiction". Unless the decision in the Willing case is treated as a nullity, we are not logically warranted in concluding that Rule 57 is sufficient as a basis for declaratory judgments in the District Court of Alaska.

It follows that so much of the plaintiffs' complaint in this action as concerns plaintiffs' application for a declaratory judgment, necessarily must lack any statement which would authorize the Court to grant such relief.

One other feature of the complaint remains to be considered. The plaintiff has pleaded several parol agreements alleged to have been entered into at the same time the written lease was made. The question is whether proof offered in support of such pleadings ought to be excluded under the parol evidence rule. That rule has been the subject of so many varied constructions and interpretations as to leave a considerable "twilight zone" wherein no guiding ray is clearly visible. At this time, it appears that at least some of the matters which were, as alleged by plaintiff, the subject of contemporaneous parol understanding, are not barred by the rule.

The motion to dismiss is denied and the defendants may have ten days to answer the complaint.

The definition of jurisdiction used by the Supreme Court in the Skelly Oil Co. case, supra, concerning the Declaratory Judgments Act, if adopted with respect to the law relative to appeals in forma pauperis, Title 28 U.S.C.A. § 1915, may require reconsideration of the opinion of this Court dated September 21, 1950, in the case of United States v. Barbeau, D.C., 92 F.Supp. 449, relating to the authority of the District Court of Alaska to authorize such appeals.