**TERRITORY OF ALASKA**

v.

**AMERICAN CAN CO., Inc. et al.**

**No. 6866-A.**

District Court, Alaska
First Division.

Feb. 6, 1954.

J. Gerald Williams, Atty. Gen., Edward A. Merdes, Asst. Atty. Gen., for plaintiff.

H. L. Faulkner, Juneau, Alaska, for defendant American Can Co.

R. E. Robertson, Juneau, Alaska, for defendant Rubenstein.

John H. Dimond, Juneau, Alaska, for defendant Birkenwald.

FOLTA, District Judge.

This is an action to foreclose liens on certain personal property which allegedly

was used with the permission of the owner in the prosecution of the West Coast Salmon Co.'s business, and which, pursuant to former Section 35-1-20, A.C.L.A.1949 and Section 4(h) of Ch. 82, S.L.A.1949, presently in force, is subject to a lien in favor of plaintiff on account of an unsatisfied judgment against West Coast Salmon Co. for unpaid taxes. The various properties involved belong to defendant American Can Co., Carl Rubenstein, Inc., and Birkenwald, Inc.

Birkenwald, Inc., was added as a necessary party defendant by order of the Court dated 2 October 1953. Birkenwald is a Washington corporation not registered with nor entitled to do business in the Territory of Alaska. It is the conditional vendor of a freezer box and compressor used by West Coast Salmon Co. in the prosecution of its business and, hence, is allegedly subject to the tax lien by virtue of Ch. 82, S.L.A.1949.

■ Birkenwald moved to dismiss on the ground that the Court lacks jurisdiction over the defendant because the attempted substituted service was invalid. The defendant argues that Rule 4(e), F.R.C.P., 28 U.S.C.A., does not authorize this Court to order service of summons by lodging a copy of it with the Clerk of the Court for transmittal to him by way of his counsel, and that there must be a statute of the United States authorizing such service, and cites in support thereof 2 Moore, Federal Practice 1002–1003. Unquestionably this is correct, 1 Barron & Holtzoff, Sec. 183. While 28 U.S.C.A. § 1655 would appear to be such a statute, the defendant contends that it is inapplicable because of the restricted meaning given the term "district courts" in Reese v. Fultz, D.C., 13 Alaska 227, 96 F.Supp. 449. The plaintiff, contending the contrary, relies on the decision of this court in Juneau Spruce Corp. v. International L. W. U., D.C., 83 F.Supp. 224, affirmed 9 Cir., 189 F.2d 177, affirmed 342 U.S. 237, 72 S.Ct. 235, 96 L.Ed. 275, in which it was held by the trial court that this court is a "district court of the United States" within the meaning of the Labor Management Rela-

tions Act of 1947, 29 U.S.C.A. § 141 et seq., and by the Supreme Court that the context of that act embraced courts which exercise the jurisdiction of district courts of the United States. Such jurisdiction is vested in this court by 48 U.S. C.A. § 101.

■ The question squarely presented is whether 28 U.S.C.A. § 1655 was intended by Congress to apply to courts which exercise the jurisdiction of district courts of the United States. If so, defendant Birkenwald's motion to dismiss should be denied.

With all due deference to the decision of Judge Dimond referred to, I am unwilling to contribute to the further hybridization of this court and, hence, decline to follow it. Cf. United States v. King, 119 F.Supp. 398, decided January 27, 1954, by Judge McCarrey of this court. Accordingly, I conclude that 28 U.S.C.A. § 1655 is applicable to this court.