UNITED STATES *v.* BURROUGHS AND JAMES CANNON, JR.

No. 683.   Argued March 14, 15, 1933.—Decided April 10, 1933

---

*Solicitor General Thacher,* with whom *Mr. W. Marvin Smith* was on the brief, for the United States.

*Messrs. Robert H. McNeill* and *Levi H. David* for Burroughs and Cannon.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

The Court of Appeals of the District of Columbia has certified the following questions:

" Question No. 1: Where on a criminal indictment a demurrer is sustained and the indictment quashed on two grounds, one involving a construction of the statute and the other the interpretation of the indictment as a pleading, will an appeal lie at the instance of the United States from the trial court of the District of Columbia to the Court of Appeals of the District of Columbia?

" If Question No. 1 be answered in the affirmative, then

" Question No. 2: May the Court of Appeals of the District of Columbia on such appeal review the ruling of the trial court based on the construction of the statute?"

We are advised by the certificate that the defendants were indicted by a grand jury of the District of Columbia for violation of the Federal Corrupt Practices Act.[1] They interposed a demurrer asserting that the conduct imputed to them did not constitute the offense defined by the Act, and that, in any event, the indictment was insufficient as a pleading in omitting to aver knowledge on the part of the defendants, which was claimed to be an essential element of the crime. From a judgment of the Supreme Court of the District of Columbia sustaining the demurrer and quashing the indictment, the Government appealed to the Court of Appeals. The appellees contended that court lacked jurisdiction, since the Criminal Appeals Act[2] governs the right of review in such cases and permits only a direct appeal to this court. The solution of the questions propounded therefore requires that we answer another: Does the Criminal Appeals Act embrace cases triable in the Supreme Court of the District of Columbia?

In the absence of express statutory authority no appeal may be taken on behalf of the United States in any criminal case. *United States* v. *Sanges,* 144 U.S. 310; *United States* v. *Ainsworth,* 3 App.D.C. 483. March 3, 1901, Congress adopted the Code of Law for the District of Columbia,[3] whereby it defined the jurisdiction of the Police Court and the Supreme Court of the District, sanctioned appeals from both to the Court of Appeals, and by § 935 enacted:[4]

" In all criminal prosecutions the United States or the District of Columbia, as the case may be, shall have the

---

[1] Act of February 28, 1925; U.S.C., Tit. 2, Chap. 8.
[2] Act of March 2, 1907; 34 Stat. 1246; U.S.C., Tit. 18, § 682.
[3] 31 Stat. 1189.
[4] 31 Stat. 1341. By the Act of March 19, 1906, 34 Stat. 73, a Juvenile Court was established and appeals from its judgments to the Court of Appeals authorized and regulated.

same right of appeal that is given to the defendant, including the right to a bill of exceptions: *Provided,* That if on such appeal it shall be found that there was error in the rulings of the court during the trial, a verdict in favor of the defendant shall not be set aside." [5]

The Criminal Appeals Act was not adopted until 1907. It authorized a writ of error (now an appeal) " by and on behalf of the United States from the district or circuit courts direct to " this court " in all criminal cases, in the following instances." Three classes are enumerated: decisions quashing or sustaining a demurrer to an indictment, based upon the invalidity or construction of the statute on which the indictment is founded; decisions arresting judgment for insufficiency of the indictment, based upon such invalidity or construction of the statute; and decisions sustaining a special plea in bar when the defendant has not been put in jeopardy. No appeal is permitted where there has been a verdict in favor of the defendant. The Court of Appeals, holding this Act, so far as applicable, superseded § 935 of the District Code,[6] desires a ruling as to its jurisdiction on appeal where a decision will involve both a construction of the statute on which the indictment is based and a ruling as to the validity of the indictment as a pleading. We think, however, the answer is clear; for we are of opinion that the Criminal Appeals Act is inapplicable to criminal cases tried in the Supreme Court of the District. These are regulated solely by § 935 of the Code.

It is said that the Criminal Appeals Act is pertinent because the Code provides that the Supreme Court is to

---

[5] In *United States* v. *Evans,* 28 App.D.C. 264, approved 213 U.S. 297, it was held that the proviso was ineffective to afford the Government a review of alleged errors in the course of a trial resulting in acquittal.

[6] See *United States* v. *Denison,* 47 F. (2d) 433; 60 App.D.C. 71.

be "deemed a court of the United States".[7] (compare *Embry* v. *Palmer*, 107 U.S. 3), but designation of a tribunal as a court of the United States, does not constitute it a district court. *In re Mills*, 135 U.S. 263, 267–8; *Stephens* v. *Cherokee Nation*, 174 U.S. 445.

Appellees further urge the statement in the Code.[8] that the Supreme Court "shall possess the same powers and exercise the same jurisdiction as the district courts of the United States" has the effect of making it a district court as that phrase is used in the Criminal Appeals Act. Where a statute uses this or similar language to define the jurisdiction of a court, such a court is authorized to try statutory actions declared to be cognizable by district courts, as if the tribunal were in fact a district court of the United States. And the same rule is applicable to appellate proceedings. Compare *In re Cooper*, 143 U.S. 472, 494; *Hine* v. *Morse*, 218 U.S. 493; *Federal Trade Commission* v. *Klesner*, 274 U.S. 145, 154; *United States* v. *California Coöperative Canneries*, 279 U.S. 553, 558. But vesting a court with "the same jurisdiction as is vested in district courts" does not make it a district court of the United States. This has been repeatedly said with reference to territorial courts. *Reynolds* v. *United States*, 98 U.S. 145, 154; *Stephens* v. *Cherokee Nation*, supra, p. 476; *Summers* v. *United States*, 231 U.S. 92, 101. The Criminal Appeals Act, in naming the courts from which appeals may be taken to this court, employs the phrase "district courts"; not "courts of the United States," or "courts exercising the same jurisdiction as district courts." We need not, however, determine whether the statute should be construed to embrace criminal cases tried in the Supreme Court of the District if § 935 of the District Code were not in effect. That

[7] Code, District of Columbia, Tit. 18, § 43.
[8] *Ibid.*

section deals comprehensively with appeals in criminal cases from all of the courts of first instance of the District and confers on the Court of Appeals jurisdiction of appeals by the Government seeking review of the judgments of those courts. The Criminal Appeals Act, on the other hand, affects only certain specified classes of decisions in district courts, contains no repealing clause, and no reference to the courts of the District of Columbia or the territorial courts, upon many of which jurisdiction is conferred by language quite similar to that of the Code of Law of the District.[9]  We cannot construe it as impliedly repealing the complete appellate system created for the District of Columbia by § 935 of the Code, in the absence of expression on the part of Congress indicating that purpose. Implied repeals are not favored; and if effect can reasonably be given to both statutes, the presumption is that the earlier is intended to remain in force. *Frost* v. *Wenie,* 157 U.S. 46, 58; *United States* v. *Healey,* 160 U.S. 136, 147; *United States* v. *Greathouse,* 166 U.S., 601, 605; *Petri* v. *Creelman*

---

[9] *Alaska:* "There is established a district court for the Territory of Alaska, with the jurisdiction of district courts of the United States . . ." U.S. Code, Tit. 48, § 101.

*Hawaii:* "There shall be . . . a district court . . ." "The said court shall have the jurisdiction of district courts of the United States . . ." U.S. Code, Tit. 48, §§ 641, 642.

*Puerto Rico:* "Porto Rico shall constitute a judicial district to be called 'the district of Porto Rico.' . . . Such district court shall have jurisdiction of all cases cognizable in the district courts of the United States . . ." U.S. Code, Tit. 48, § 863.

Congress has expressly provided for direct appeal from the District Court of Puerto Rico to this court, thus: "The said district court shall be attached to and included in the first circuit of the United States, with the right of appeal and review by said circuit court of appeals in all cases where the same would lie from any district court to a circuit court of appeals of the United States, *and with the right of appeal and review directly by the Supreme Court of the United States in all cases where a direct appeal would be from such district courts.*" U.S. Code, Tit. 48, § 864.

*Lumber Co.,* 199 U.S. 487, 497; *Ex parte United States,* 226 U.S. 420, 424; *Washington* v. *Miller,* 235 U.S. 422, 428.

The Court of Appeals has jurisdiction of both issues presented by the appeal from the decree of the Supreme Court.

> *Question No. 1 answered " Yes."*
> *Question No. 2 answered " Yes."*

MR. JUSTICE CARDOZO concurs in the result.