## UNITED STATES v. MONTGOMERY et al.

### SAME v. LITTLE et al.

#### Nos. 9093, 9094.

District Court, D. New Mexico.

Jan. 13, 1938.

William J. Barker and J. Albert Woll, Sp. Assts. to Atty. Gen., for the United States.

Caswell S. Neal, of Carlsbad, N. M., and J. S. Vaught, George Craig, and Hugh Woodward, all of Albuquerque, N. M., for defendants.

KENNEDY, District Judge.

In the above-entitled causes the defendants were indicted for violation of sections 338 and 88, title 18 U.S.C., 18 U.S.C.A. §§ 338, 88, commonly known as the Mail Fraud and the Conspiracy Statutes. In case No. 9093 the indictment is made up of 16 counts, the first 15 of which charge separate violations of the Mail Fraud Statute and the last count a violation of the Conspiracy Statute. In case No. 9094 the indictment is made up of 14 counts, the first 13 of which charge separate violations of the Mail Fraud Statute and the last count a violation of the Conspiracy Statute. The first-mentioned indictment revolves in and about the organization and handling of a corporation known as the New Mexico Potash & Chemical Company, and the latter indictment concerns like actions in regard to a company known as the Royalty Bond Share Corporation. In each case the defendants interposed motions to quash and demurrers, and, as the points raised in each case are indentical, the cases were consolidated for the purposes of argument and disposition of such motions and demurrers.

At the hearing upon the motions and demurrers it was indicated that all the points raised would be overruled with the exception of the demurrer as applied to count one in case No. 9093, which was admitted as having been brought in contravention of the Statute of Limitations and with the further exception of the first point raised in the motions and demurrers, upon which the court requested counsel to submit briefs.

The last-mentioned point raises the question as to whether or not the Mail Fraud Statute as it concerns the use of the mails in the matter of carrying out an alleged fraudulent scheme in the promulgation and sale of worthless securities has been superseded, and therefore by implication repealed by the Securities Act of 1933, 48 Stat. 74, as amended, 15 U.S.C. § 77a et seq. The general principles governing a question of this character are not seriously in dispute among the authorities. The substance of the main rule is stated in the first syllabus of United States v. Tynen, 11 Wall. 88, 20 L.Ed. 153 in the following language: "When there are two acts of Congress on the same subject, and the latter act embraces all the provisions of the first, and also new provisions, and imposes different or additional penalties, the latter act operates, without any repealing clause, as a repeal of the first."

Other so-called rules are corollaries of the rule as above stated, leading to the same conclusion. On the other hand,

another accepted rule is found in the third syllabus of United States v. Burroughs, 289 U.S. 159, 53 S.Ct. 574, 577, 77 L.Ed. 1096, as follows: "Implied repeals are not favored, and if effect can reasonably be given to both statutes the presumption is that the earlier is intended to remain in force."

In United States v. Bogy, D.C., 16 F. Supp. 407, an indictment including counts both under the Mail Fraud Statute and under the Securities Act was sustained against demurrers. The exact point here was ruled in favor of the government in United States v. Alluan et al., D. C., 13 F. Supp. 289. It is true this case is criticized by counsel because of the alleged oversight of the court in failing to recognize the comprehensive definition of the word "sale" as contained in the Securities Act. However, a complete reading of the opinion seems to cast doubt upon this theory because of the language of the court, 13 F.Supp. 289, on page 292, which says: "And this is true even though 'sale' includes some transactions not ordinarily understood as sales."

However this may be, it seems that in United States v. Rollnick et al., 2 Cir., 91 F.2d 911, the court has directly passed upon the point here in controversy and ruled it in favor of the government. At page 918 of 91 F.2d, the court says: "Some of the appellants contend that section 215 of the Criminal Code (18 U.S.C.A., § 338) under which the indictment was drawn was repealed by implication by the Securities Act of 1933 (48 Stat. 74, 15 U.S.C.A. § 77a et seq.). The latter act did cover in part the fraudulent use of the mails, but in that respect did not include all schemes to defraud by their use. The Securities Act of 1933 was made sufficiently comprehensive to include the use of the mails among the acts prohibited in respect to its subject matter, but that this shows an intent on the part of Congress to repeal section 215 and make lawful the use of the mails in furtherance of fraud of a nature not covered in the Securities Act of 1933 seems too far-fetched for serious discussion. These laws are not repugnant, and it must be remembered that repeal by implication follows only where the later act is clearly intended to be in substitution of the former."

No attempt will be made at this time to set forth in detail a comparison of matters covering the use of the mails under the Mail Fraud Statute and under the Securi-ties Act, for the reason that time will not permit, but suffice it to say that there are such differences as to suggest that a repeal by implication should not be here indulged.

Appropriate orders may be entered overruling the motions and demurrers on all grounds in each case except as to the first count of the indictment in case No. 9093, the demurrer to which is sustained, and the defendants, respectively, will be allowed exceptions to such ruling.

At the oral argument counsel for defendants requested that, in the event a trial should be ordered in the above-named cases, it should be at Albuquerque on account of the convenience of counsel, defendants, and witnesses. No objection was interposed to this on the part of counsel for the government. Also at said hearing a tentative date for the trial in the event the motions and demurrers should be overruled was agreed upon by court and counsel for March 14, 1938.

An order may be entered fixing the trials for March 14, 1938, at 10 o'clock a. m., at the city of Albuquerque, N. M., and counsel for the government shall at least ten days in advance of said date notify defendants through their respective counsel which cause of action will first be moved for trial at said time and place.