## MOOKINI ET AL. *v.* UNITED STATES.

No. 319. Argued February 2, 1938.—Decided February 28, 1938.

Mr. *O. P. Soares* submitted on brief for petitioners.

*Mr. Bates Booth,* with whom *Solicitor General Reed, Assistant Solicitor General Bell, Assistant Attorney General McMahon,* and *Messrs. William W. Barron* and *W. Marvin Smith* were on the brief, for the United States.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

Petitioners were convicted in the District Court of the Territory of Hawaii of violating § 35 of the Criminal Code relating to fraudulent claims. 18 U. S. C. 80. The verdict was rendered on May 28, 1935; motions for a new trial were overruled on June 19, 1935; and petitioners were sentenced on June 29, 1935. Appeal was allowed by the District Court on September 27, 1935.

The Circuit Court of Appeals, finding that the appeal was not taken in the manner or within the time permitted by the Criminal Appeals Rules promulgated by this Court on May 7, 1934 (Rule III, 292 U. S. 662, 663), dis-

missed the appeal. 92 F. (2d) 126. In view of the importance of the question as to the application of the Criminal Appeals Rules to the District Court of the Territory of Hawaii, we granted certiorari.

It is not questioned that the appeal to the Circuit Court of Appeals was allowed within the three months' period specified in § 8 (c) of the Act of February 13, 1925, c. 229, 43 Stat. 936, 940; 28 U. S. C. 225, 230; 48 U. S. C. 645.

The Criminal Appeals Rules were promulgated pursuant to the Act of March 8, 1934, amending the Act of February 24, 1933. 28 U. S. C. 723a. The Act authorized this Court—

"to prescribe, from time to time, rules of practice and procedure with respect to any and all proceedings after verdict, or finding of guilt by the court if a jury has been waived, or plea of guilty, in criminal cases in district courts of the United States, including the District Courts of Alaska, Hawaii, Puerto Rico, Canal Zone, and Virgin Islands, in the Supreme Courts of the District of Columbia, Hawaii, and Puerto Rico, in the United States Court for China, in the United States Circuit Courts of Appeals, in the Court of Appeals of the District of Columbia, and in the Supreme Court of the United States."

In order to aid the Court in exercising its authority under the statute, the Attorney General of the United States at the request of the Court submitted on May 26, 1933, a draft of proposed rules. These were expressly limited to proceedings in cases brought in the District Courts of the United States and in the Supreme Court of the District of Columbia. The reason for this limitation was thus stated by the Attorney General:

"The Rules are limited in their application to proceedings in cases instituted in the District Courts of the United States and in the Supreme Court of the District of Columbia. There is not sufficient data at hand upon

which to predicate proposals at this time relative to practice and procedure in cases instituted in the District Courts of Alaska, Hawaii, Puerto Rico, Canal Zone, and Virgin Islands, or in the Supreme Courts of Hawaii and Puerto Rico, or in the United States Court for China. It is thought that it would be the part of wisdom to establish the rules for practice and procedure for Continental United States before attempting to provide for the Territories, Insular Possessions and Consular Courts, as these situations will undoubtedly require special treatment because of local conditions and the distance separating the trial court from the Appellate Court."

In considering and revising the draft thus submitted, we approved this suggestion. The rules were accordingly limited to proceedings—

"in criminal cases in District Courts of the United States and in the Supreme Court of the District of Columbia, and in all subsequent proceedings in such cases in the United States Circuit Courts of Appeals, in the Court of Appeals of the District of Columbia, and in the Supreme Court of the United States." Order of May 7, 1934, 292 U. S. 661.

No provision was made with respect to proceedings in cases brought in the District Courts of Alaska, Hawaii, Puerto Rico, Canal Zone and Virgin Islands, in the Supreme Courts of Hawaii and Puerto Rico, or in the United States Court for China. We entertain no doubt of our authority to limit the application of the new rules in this way. The statute empowered the Court to prescribe rules "from time to time" with respect "to any or all proceedings," after determination of guilt, in criminal cases in the courts which were severally described. The statute contains no requirement that the Court must prescribe identical rules with respect to all the courts mentioned regardless of varying conditions, or that rules for all these courts must be prescribed at one and the same time. On

the contrary, the manifest intention of the Congress was to permit the Court to exercise its discretion concerning the application of the rules.

The term "District Courts of the United States," as used in the rules, without an addition expressing a wider connotation, has its historic significance. It describes the constitutional courts created under Article III of the Constitution. Courts of the Territories are legislative courts, properly speaking, and are not District Courts of the United States. We have often held that vesting a territorial court with jurisdiction similar to that vested in the District Courts of the United States does not make it a "District Court of the United States." *Reynolds* v. *United States,* 98 U. S. 145, 154; *The City of Panama,* 101 U. S. 453, 460; *In re Mills,* 135 U. S. 263, 268; *McAllister* v. *United States,* 141 U. S. 174, 182, 183; *Stephens* v. *Cherokee Nation,* 174 U. S. 445, 476, 477; *Summers* v. *United States,* 231 U. S. 92, 101, 102; *United States* v. *Burroughs,* 289 U. S. 159, 163. Not only did the promulgating order use the term District Courts of the United States in its historic and proper sense, but the omission of provision for the application of the rules to the territorial courts and other courts mentioned in the authorizing act clearly shows the limitation that was intended.

As the Criminal Appeals Rules were not made applicable to the District Court of the Territory of Hawaii, they did not supersede or alter the provisions of the Act of February 13, 1925, as to appeals from that court to the Circuit Court of Appeals. 28 U. S. C. 225, 230. The provision of the Organic Act of Hawaii (48 U. S. C. 645) to which the court below refers, that appeals from the District Court of the Territory to the Circuit Court of Appeals should be taken in the same manner as appeals from district courts, was always subject to modification in the discretion of the Congress which in its future legislation could make or authorize such distinctions in ap-

pellate procedure as appeared to be wise. The Act authorizing this Court to promulgate rules for criminal appeals, which should have the effect of legislation necessarily modified the former statutory provisions so as to give the Court full authority to prescribe the time and manner of taking appeals and to leave the Court free to determine to what courts, within the range of the authorization, its rules should apply. Pursuant to this authority, the Court has limited its rules so that they do not govern appeals from the District Court of the Territory of Hawaii and there is nothing in the earlier legislation which compels the extension of the rules beyond their intended and expressed application.

The judgment of the Circuit Court of Appeals is reversed and the cause is remanded to that court for further proceedings in conformity with this opinion.

*Reversed.*

MR. JUSTICE CARDOZO took no part in the consideration and decision of this case.