CHAMBERS et al. v. INTERNATIONAL HOD CARRIERS' BUILDING AND COMMON LABORERS' UNION OF AMERICA et al.

Civil Action No. 21626.

District Court of the United States for the District of Columbia.

Nov. 18, 1943.

Boudin, Cohn, & Glickstein, of New York City, and Levine & Schlesinger, of Washington, D. C., for plaintiffs.

Robert E. Lynch, Nicholas J. Chase, and John J. Donnelly, Jr., all of Washington, D. C., for defendants George Morgan, Faust Moreschi, Homer A. Patterson, Roy Carter, E. H. Hamilton, Ross Johnson, Herbert Harris, Ezekial Plummer, D. A. Collier, Joseph Speed, Howard Lane, George Clarke, George W. Plummer, and John W. Mudd, Sr.

McMahon, Dean, & Gallagher, of Washington, D. C., for defendants International Hod Carriers' Building and Common Laborers' Union of America, Joseph V. Moreschi, Herbert Rivers, Building Laborers' and Hod Carriers' Local Union No. 74, and Laborers' District Council of Washington, D. C., and Vicinity.

PROCTOR, Justice.

This is a class action brought by many members of Local Union 74 of the International Hod Carriers' Building and Common Laborers' Union of America and others, including certain officers of said International Union and other persons claiming to be officers of the Local Union. The complaint is very long. However, for purposes of this opinion, the facts referred to below will suffice.

A temporary restraining order was applied for and granted by another Justice without notice. The case then came on for hearing before me on the application of plaintiffs for a preliminary injunction to succeed the temporary order. The application was denied upon factual considerations without regard to motions to dismiss the complaint filed by the defendants, which were taken under advisement.

The motions to dismiss are based upon the contention that the case as stated involves a labor dispute and for that reason the inhibitions and conditions of the Norris-LaGuardia Act, 29 U.S.C.A. §§ 101–115, deprive the Court of jurisdiction to grant the injunctive relief prayed for by plaintiffs.

The contention, I think, rests upon a misconception of the complaint. In short, it charges a conspiracy among defendants to gain control and power over the local union by illegal means to the end that they might through fraudulent methods manage its affairs and use its funds for their private purposes. Many acts are alleged to have been committed in furtherance of the conspiracy, including the holding of an illegal election under color of which certain defendants now exercise official management of all the affairs of the union; misappropriation and dissipation of its moneys and property; wilful failure to require proper working conditions for members of the union, and discrimination in assigning jobs among the membership thereof.

The ultimate relief which plaintiffs seek looks to an accounting of the assets by the defendants and the restoration of the union's affairs into the hands of officers chosen by the membership in a legal election to be ordered by the Court. To accomplish these purposes appropriate injunctive orders are asked. Thus it appears that the complaint falls into two main parts, one for an accounting, the other to reestablish management of the union under legally constituted officials. These may be dealt with severally. Certainly to order an accounting, even if backed by injunctive processes, would not violate any provisions of the Norris-LaGuardia Act. It has not been so contended. But it is argued that the allegations as to employment matters concerning the membership of the union gives to the whole case the character of a labor dispute within the purview of the Norris-LaGuardia Act, and

hence that injunctive relief cannot be granted by reason of the prohibitions and conditions laid down in Sections 104 and 107 of that Act.

I do not think the complaint, fairly construed, poses a labor dispute. It simply concerns the legal right of defendants to manage and control the local union. If it be true that through an illegal and void election, or other illegal means, they have seized official power and control the fact that members of the organization oppose their action and seek by legal proceedings to oust them and compel an accounting can no more be regarded as a labor dispute than would be the case of a plain usurper, who, without color of right, had wrongfully assumed official authority to manage the union's affairs and the power to represent the members concerning the terms and conditions of their employment. For a Court to deny essential relief in such a case would be a plain negation of the declared purpose of the Norris-LaGuardia Act to protect workmen in their freedom of labor. As I construe the complaint there seems to be nothing to bring it within the prohibitive terms of Section 104, and as for Section 107, some of its provisions clearly negative any idea that the controversy can be labeled a labor dispute. Finally, it may be observed that the case will now stand for trial. Whether any relief will be granted and, if so, the exact nature thereof will depend upon the evidence. It may be assumed that the Court will take no action in contravention of the statute.

The motions to dismiss the complaint are denied.

The motions to quash service have also been considered and are denied.