## UNITED STATES v. BARBEAU.
### Cr. No. 2346.

United States District Court
Territory of Alaska, Third Division.
Anchorage.
Sept. 21, 1950.

See also 92 F.Supp. 196.

J. Earl Cooper, United States Attorney, Ralph E. Moody, Assistant United States Attorney and Georald F. McLaughlin, Assistant United States Attorney, all of Anchorage, Alaska, for plaintiff.

George B. Grigsby and Wendell P. Kay, both of Anchorage, Alaska, for defendant.

DIMOND, District Judge.

The defendant has made application for leave to prosecute his appeal in forma pauperis under the provisions of Title 28, Section 1915, U.S.C.A., the relevant portions of which are: "Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a citizen who makes affidavit that he is unable to pay such costs or give security therefor. * * *"

The United States Attorney resists the application upon the ground that the District Court for the District, Title 48, Sec. 101, U.S.C.A., or Territory, Title 28, Secs. 373 and 460, U.S.C.A., of Alaska, is not a "court of the United States" as contemplated by Section 1915. The term "court of the United States" is defined in Title 28, Section 451, U.S.C.A., as follows: "The term 'court of the United States' includes the Supreme Court of the United States, courts of appeals, districts courts constituted by chapter 5 of this title, including the district courts of the United States for the districts of Hawaii and Puerto Rico, the Court of Claims, the Court of Customs and Patent Appeals, the Customs Court and any court created by Act of Congress the judges of which are entitled to hold office during good behavior."

Counsel for defendant urges that jurisdiction to entertain the pending application is granted in the first paragraph of Section 4 of the Act approved June 6, 1900, 31 Stat. 322, 48 U.S.C.A. § 101, enacted as now amended, by Section 9, 62 Stat. 986, of the Act approved June 25, 1948, the amendment being a part of the "Act to revise, codify, and enact into law title 28 of the United States Code entitled 'Judicial Code and Judiciary'", 62 Stat. 869. The relevant portion of the first paragraph of Section 4 of the Act approved June 6, 1900, as so amended, is quoted below: "There is established a district court for the District of Alaska, with the jurisdiction of district courts of the United States and with general jurisdiction in civil, criminal, equity, and admiralty causes; * * *."

A comparison of the text above quoted of a portion of Section 4 with that of the original act, shows the substitution of the word "District" for the word "Territory" and nothing more.

Because Section 4 of the Act of June 6, 1900, as so amended, establishes the District Court for the District of Alaska "with the jurisdiction of district courts of the

United States", it is argued that whatever jurisdiction is given by law to the District Courts of the United States (unless locally inapplicable) is granted by Section 4 to the District Court for the District of Alaska, and, therefore, Title, 28, Section 1915, which grants jurisdiction to "any court of the United States" to permit prosecution of appeals in forma pauperis, also grants like jurisdiction to the District Court of the District of Alaska by virtue of the revised Section 4 of the Act of June 6, 1900, supra.

Attention has been invited to title 28, Section 2255, U.S.C.A., which as originally enacted, provided that "a prisoner in custody under sentence of a court of the United States", claiming the right to be released upon certain specified grounds, may move the Court which imposed the sentence to vacate, set aside or correct the sentence. That sentence was amended by Public Law 72, 81st Congress, Section 114, 63 Stat. 105, by striking out the words "of the United States" and substituting therefor the words "established by Act of Congress". It is to be observed that such amendment of Section 2255 was absolutely indispensible to permit a prisoner in custody under sentence of the District Court of the District of Alaska to avail himself of the benefits of that Section, because the District Court for the District of Alaska is not "a court of the United States" by definition embraced in Section 451, supra, and prior to enactment of Section 451, by judicial decisions of which McAllister v. United States, 141 U.S. 174, 11 S.Ct. 949, 35 L.Ed. 693, is an example Cf. U. S. v. Burroughs, 289 U.S. 159, 53 S.Ct. 574, 77 L.Ed. 1096.

Brief reflection will show the distinction between the applicable provision of Section 2255 which originally expressly limited its provisions to prisoners in custody under sentence of a Court of the United States, and Section 1915, which provides that any Court of the United States may authorize, among other things, appeals in forma pauperis. That is the more apparent when we consider both of these Sections in connection with the newly amended Section 4 of the Act of June 6, 1900, supra,

reaffirming the grant to the District Court for the District of Alaska the jurisdiction of District Courts of the United States. Such a grant of jurisdiction as is contained in Section 4, although broadly construed, could not be of advantage to anyone who is a prisoner in custody under sentence of "a court of the United States" as originally provided by Section 2255, whereas, since the District Court of the District of Alaska has been given the jurisdiction of District Courts of the United States, logically it has jurisdiction to do what the District Courts of the United States are permitted to do under Section 1915.

The case of International Longshoreman's Union v. Wirtz, 9 Cir., 1948, 170 F.2d 183, is not decisive. In that case, the appellant sought to prevent enforcement of an injunction granted by the Circuit Court of Hawaii without regard to the provisions of the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq. It is obvious from a reading of the opinion in the case that the enforcement of the provisions of the Norris-LaGuardia Act were expressly restricted to the District Courts of the United States organized under Article 3 of the Constitution, and not extended to any Courts organized under Article 4, such as our Territorial Courts. The legislative report on the bill is virtually conclusive. Moreover, the Norris-LaGuardia Act was not a *grant* of jurisdiction, but, by its very terms, provided "definitions of and limitations upon the jurisdiction and authority of the courts of the United States". 29 U.S.C.A. § 102. The decision in the Wirtz case is not applicable here because the challenge there made to the jurisdiction of the Circuit Court of Hawaii was interposed because of restrictions placed upon the Courts of the United States, held to mean the Courts organized under Article 3, and expressly limited to those Courts.

A judicial decision more nearly applicable is that of the District Court for the Territory of Alaska, First Division, Juneau Spruce Mills Corporation v. International Longshoreman and Warehousemen's Union, D.C.1949, 83 F.Supp. 224, 225. In that case, as here, the question arose as to the jurisdiction of the District Court for the

District of Alaska, and the particular issue was whether under the Taft-Hartley Act, 29 U.S.C.A. § 141 et seq., suit could be brought in our local District Court under the provisions of the Act stating that suits for violation of the Act might be prosecuted "in any district court of the United States". In his opinion, Judge Folta invited attention to the provisions of the new Section 4, Act of June 6, 1900, as amended, supra, now to be found in 48 U.S.C.A. § 101, granting to the District Court for the District of Alaska "the jurisdiction of district courts of the United States", and held that the language used in the Taft-Hartley Act did not exclude jurisdiction from the District Court for the District of Alaska. There, as here, it is apparent that the grant of jurisdiction to the District Court of the District of Alaska, under Section 4, supra, in connection with the other circumstances mentioned in the opinion, was sufficient to give the Court jurisdiction to hear and decide the case.

For many years past, appeals in forma pauperis have been taken from the District Court for the District of Alaska without any objections from the United States Attorney's office. It was commonly thought that the local Court had full jurisdiction because of the grant of jurisdiction in the Act creating the Court and there giving to the District Court for the District (or Territory) of Alaska jurisdiction of District Courts of the United States. It was not until the present application was made that the United States Attorney objected claiming that this District Court lacked jurisdiction. Within the last year, such an appeal in forma pauperis was taken, without objection, upon the order of this Court in a case tried by Judge Folta in the Third Division. And within the last five years the writer of this opinion has similarly, by order, authorized the taking of three other appeals in forma pauperis. It is to be emphasized, however, that in none of these cases was the point raised that this Court had no authority to make the necessary order.

Under Title 28, Section 1916, U.S.C.A., "in all courts of the United States, seamen may institute and prosecute suits and appeals" without prepaying fees or costs or furnishing security therefor. It is reported that from the very earliest days that this Court has been in existence such suits have, upon occasion, been prosecuted without prepaying fees or costs. Evidently no objection was made at any time to the prosecution of such suits upon the ground that the District Court of Alaska is not one of the Courts of the United States and the only conclusion which now can be arrived at is that in each of those cases it was considered that although the District Court of Alaska is not a Court of the United States, it has been granted and now is authorized to exercise all of the jurisdiction conferred upon District Courts of the United States.

The ruling on the point here involved is that the District Court for the District of Alaska possesses and may exercise in proper cases the jurisdiction granted in Title 28, Section 1915, U.S.C.A., and that further proceedings may be had in the present case accordingly to determine whether the defendant here is eligible for the aid which he requests.