## NASHOALOOK et al. v. DOWNEY et al.
### No. 6290.

District Court, Alaska. Third Division. Anchorage.
Feb. 2, 1951.

184

Kalamarides & Tyner, Anchorage, for plaintiffs.

Cuddy & Kay, Anchorage, for defendants.

DIMOND, District Judge.

This is an internecine contest for control of the funds and for exercise of authority of a labor union which is named in the complaint as "Bristol Bay Cannery Workers, Local # 46; International Longshoremen's & Warehousemen's Union." It is generally referred to as Local # 46. The plaintiffs allege in their complaint that plaintiff, Joe O. Nashoalook, alone, is the duly elected agent and representative of Local # 46, with authority to conduct its affairs and to expend its money; that the defendant, Jim Downey, falsely claims that he, Downey, is the agent of Local # 46, and has sought and is seeking to exercise the authority of the Union and to control the expenditure of the Union funds.

The plaintiffs ask for injunctive relief, demanding that the defendants desist from asserting that Nashoalook is not the solely authorized agent of Local # 46, and that he is not authorized to sign collective bargaining agreements made in behalf of Local # 46; and also that defendants be enjoined from exercising any authority for and on behalf of Local # 46, with respect to property as well as otherwise; and from expending the funds of Local # 46 on deposit in a bank.

The defendants have filed a motion to dismiss the cause on the grounds that the complaint does not state a cause of action, the particular point urged being that the controversy outlined in the complaint is a labor dispute within the meaning of the Norris-LaGuardia Act, 47 Stat. 70, Title 29, Section 101–115 U.S.C.A., as defined in that Act, Title 29, Section 113 U.S.C.A.; and the Act commands that "No *court of the United States* * * * shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case involving or growing out of

a labor dispute * * * ". Title 29, Section 101 U.S.C.A. (Emphasis supplied.)

Defendants rely on Duris v. Phelps Dodge Copper Products Corp., D.C.N.J.1949, 87 F.Supp. 229. That case differs from the one here before us because there the controversy was between two unions rather' than between members of the same union. Similar circumstances existed in Alcoa S. S. Company v. McMahon, D.C.N.Y.1948, 81 F.Supp. 541.

A case more nearly in line as to facts is that of Chambers v. International Hod Carriers, etc., D.C.1943, 52 F.Supp. 978 because in that case the dispute was between members of the same union, and the Court there held that the contest was not a labor dispute within the meaning of the Norris-LaGuardia Act.

 It is unnecessary to decide whether the complaint here shows a labor dispute as defined in the Norris-La-Guardia Act, Title 29, Sec. 102, U.S.C.A. This Court is a court of general jurisdiction " * * * with the jurisdiction of district courts of the United States and with general jurisdiction in civil, criminal, *equity,* and admiralty causes; * * * " (emphasis supplied), Section 4 of the Act approved June 6, 1900, 31 Stat. 322, 48 U.S.C.A., Sec. 101, as amended by Section 9, of the Act approved June 25, 1948, 62 Stat. 986, but it is obviously not a "court of the United States" as defined in Title 28, Section 451, U.S.C.A.

The distinction is of highest consequence because the Norris-LaGuardia Act, Section 2, by its terms, provides " * * * definitions of and limitations upon the jurisdiction and authority of the courts of the United States * * ", Title 29, Sec. 102, U.S.C.A., but contains no such definitions of and limitations upon the jurisdiction and authority of the District Court of Alaska. That distinction has been recognized and made authority for this Court by the United States Court of Appeals of the Ninth Circuit in the case of International Longshoremen's Union v. Wirts, 1948, 170 F.2d 183 a case arising in the Hawaiian Islands, wherein the

appellant sought to prevent enforcement of an injunction granted by the Circuit Court of Hawaii without regard to the provisions of the Norris-LaGuardia Act. The Court of Appeals held that the restrictions of the Norris-LaGuardia Act are applicable only to the authority and jurisdiction of the Courts created and organized under Article 3 of the Constitution, and do not extend to courts organized under Article 4, such as our Territorial Courts. Discussion of the question of law involved is to be found in an opinion of this Court, dated September 21, 1950, in the case of United States v. Lilburn H. Barbeau, D.C., 92 F.Supp. 449.

██ Under the general equity jurisdiction conferred upon it by the Acts of Congress above referred to, this Court has jurisdiction of the controversy pleaded in the plaintiff's complaint in this action. The motion to dismiss is denied.