**WELLS et al.**
v.
**UNITED STATES et al.**
No. 14783.

United States Court of Appeals,
Fifth Circuit.
June 30, 1954.

John O. Collins, Ancon, Canal Zone, for appellants.

Maurice P. Wolk, Special Asst. to the Atty. Gen., Ellis N. Slack, H. Brian Holland, Asst. Atty. Gen., Rowland K. Hazard, U. S. Dist. Atty., Ancon, Canal Zone, for appellees.

Before HUTCHESON, Chief Judge, RIVES, Circuit Judge, and DAWKINS, District Judge.

**HUTCHESON, Chief Judge.**

Brought against the United States in the United States District Court for the District of the Canal Zone, by Ray B. Wells and 1500 others, citizens of the United States employed by it in the Canal Zone, the suit was to recover sums deducted as income taxes from their salaries for the calendar year 1951.

The claim stated in detail and at length in the complaint was: that the income tax under the purported authority of which the deductions were made was illegally and unconstitutionally levied; and that by virtue of the provisions expressed and implied in Sections 1346 and 1402 of Title 28, United States Code and Canal Zone Code, § 23, Title 7, the District Court of the Canal Zone had authority to entertain the suit.

The United States demurred to the complaint on the ground that it had not given its permission to be sued in the District Court of the Canal Zone, and, therefore, that court was without jurisdiction to entertain the suit. The demurrer was sustained, the suit was dismissed as to the United States with prejudice to its refiling in the District Court of the Canal Zone, and plaintiffs have appealed.

Here, unable to point to any statute in which in terms the United States has expressly consented to be sued in the District Court of the Canal Zone, appellants insist: that it is not essential to their claim of jurisdiction that they do so; that it is sufficient to point: to Section 23 of the Canal Zone Code, providing that the jurisdiction of the District Court of the Canal Zone extends to "All actions and proceedings involving laws of the United States applicable to the Canal Zone;" to the provisions of Sections 1252, 1291, and 1292, Title 28 U.S.C., the first providing for a direct appeal to the Supreme Court,[1] the last two for appeals

---

1. " * * * from an interlocutory or final judgment, decree or order of any court of the United States * * * the United States District Court for the District of the Canal Zone * * * *holding an Act of Congress unconstitutional in any* *civil action, suit, or proceeding* to which the United States or any of its agencies, or any officer or employee thereof, as such officer or employee, is a party". (Emphasis supplied.)

to the Court of Appeals from final and interlocutory orders [2] of the United States District Court for the District of the Canal Zone; and to Sections 1346(a) (1); [3] and Section 1402(a). [4]

So pointing, it urges upon us that when Section 1402(a) is read in connection with Section 1346, jurisdiction is implied in the Canal Zone District Court, otherwise citizens residing in the Zone would be without a remedy.

Finally, urging upon us that when all of the invoked provisions of the Canal Zone Code and of Title 28 U.S.C. are considered together, they give strong support to their contention that the District Court of the Canal Zone has jurisdiction of the suit, they conclude with this quotation from Arthur v. Compagnie Generale Transatlantique, 5 Cir., 72 F.2d 662, 664:

> "The District Court for the Canal Zone, in addition to the general jurisdiction given the District Courts of the United States, has practically the same jurisdiction as a state court of unlimited civil jurisdiction."

The United States, in an exhaustive and excellent brief, marshaling some of the many authorities [5] uniformly supporting the principle that the United States may be sued only when, as, and in, the court in which it has expressly consented to be sued, urges upon us that, absent such express consent, arguments from implications, from convenience and necessity, from considerations of reasonableness and justice, indeed arguments of any kind, except those based on pointing to an express consenting, will not do, that, indeed the very resort to them confesses away the jurisdiction contended for.

■ We agree that this is so and that whatever may be said for or against the persistence of the idea of the absolute immunity of the sovereign from suit except on its own terms, the fact of its persistence may not be questioned nor may its results be escaped.

■ Not content with this negative defense, the United States, taking the affirmative, conclusively demonstrates, we think, that by Section 1346, "United States As Defendant", under the provisions of which appellants seek to maintain their suit, the United States has consented to waive its sovereign immunity from suit and permit actions to be brought against it for the recovery of internal revenue taxes only in the Court of Claims and in the district courts; and that, as used in Title 28, the term "district courts" means only those courts which are created under Article III of the Constitution and which are constituted by Chapter 5 of Title 28. [6]

■ The District Court for the Canal Zone is not a constitutional court

2. The Courts of Appeals shall have jurisdiction of appeals from all final and interlocutory decisions of the district courts of the United States " * * * The United States District Court for the District of the Canal Zone."

3. Providing: (a) the district courts "shall have original jurisdiction, concurrent with the Court of Claims, of: (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been * * * illegally * * * or * * * wrongfully collected under the internal-revenue laws * * *."

4. Providing "any civil action against the United States under subsection (a) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides."

5. Some of which are: Compagnie Generale Transatlantique v. Governor of the Panama Canal, 5 Cir., 90 F.2d 225, certiorari denied 302 U.S. 720, 58 S. Ct. 41, 82 L.Ed. 556; State of Louisiana v. McAdoo, 234 U.S. 627, 34 S.Ct. 938, 58 L.Ed. 1506; State of Minnesota v. U. S., 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235; United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; U. S. v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L. Ed. 1058.

6. Mookini v. United States, 303 U.S. 201, 58 S.Ct. 543, 82 L.Ed. 748; International Longshoremen's, Etc., Union v. Wirtz, 9 Cir., 170 F.2d 183; Reese v. Fultz, D.C., 96 F.Supp. 449; 28 U.S.C., Section 451, Appendix, infra.

established by Chapter 5 of Title 28. Consequently it is not one of the "district courts" referred to in 28 U.S.C., § 1346(a), and it does not acquire jurisdiction under that statute to entertain an action brought against the United States for the recovery of taxes.

The appeal is without merit. The judgment appealed from is affirmed.