Arthur David TALBOT, Petitioner,

v.

Honorable J. L. McCARREY, Jr.,
Respondent.

No. 14490.

United States Court of Appeals,
Ninth Circuit.

Dec. 30, 1954.

As Amended Jan. 20, 1955.

Lillick, Geary, Olson, Adams & Charles, San Francisco, Cal., for appellant.

William T. Plummer, U. S. Atty., James M. Fitzgerald, Asst. U. S. Atty., Anchorage, Alaska, for appellee.

Before DENMAN, Chief Judge, and BONE and POPE, Circuit Judges.

DENMAN, Chief Judge.

Petitioner seeks a writ of prohibition to prohibit respondent Judge of the District Court for the District of Alaska, Third Division, hereafter the respondent, from taking any further steps in a criminal contempt proceeding against petitioner and a writ of mandamus to compel respondent to vacate an order requiring petitioner to appear and be heard why he should not be held in contempt for perjury.

The proceeding began by an order to petitioner to show cause before the District Court as follows:

"It is hereby ordered that Arthur David Talbot appear before me on Friday, July 30, 1954, at 2:00 P.M. in the afternoon or as soon thereafter as may meet the convenience of the Court and be heard why he should not be held in contempt for making a perjured statement while sworn as a witness in the case of the United States v. Herald E. Stringer, No. A–9150.

"Dated this 27th day of July 1954, in open Court.

"/s/ J. L. McCarrey, Jr.
District Judge"

The case proceeded to the furnishing of the evidence of the moving party when petitioner raised the question of the court's jurisdiction, which that court still has under consideration.

The petitioner contends that a mere perjured statement made in another proceeding with no factual charge that it obstructed justice therein, does not violate the contempt provisions of Alaska Compiled Laws § 57–6–1. So far as pertinent that statute reads as follows:

"Contempts defined. The following acts or omissions, in respect to a court of justice or proceedings therein are deemed to be contempt of the authority of the court: * * *

"Fourth. Deceit or abuse of the process or proceedings of the court by a *party* to an action or special proceeding.

"Fifth. Disobedience of any lawful judgment, order or process of the court. * * *

"Ninth. Any other unlawful interference with the process or proceedings of the court. * * *" (Emphasis supplied.)

At the hearing on petition here, the respondent admitted that such mere perjury as alleged in the order to show cause is not a ground for contempt under this Alaska Statute.

Petitioner also contends that the following in 18 U.S.C. § 401:

"A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as—

"(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; * * *."

does not apply since the Alaska District Court holds that it is not a "court of the United States" in United States v. Bell, 108 F.Supp. 777, 778. The Supreme Court in 1937 held that none of the territorial courts, including Alaska, are courts of the United States. Mookini v. United States, 303 U.S. 201, 204, 58 S.Ct. 543, 82 L.Ed. 748. Since then Hawaii and Puerto Rico have been included by 28 U.S.C. 91 and 119. Their specific inclusion makes the Mookini case still controlling as to Alaska. Cf. International Longshoremen's and Warehousemen's Union v. Juneau Spruce Corp., 9 Cir., 189 F.2d 177, 184, and 342 U.S. 237, 72 S.Ct. 235, 96 L.Ed. 275.

Petitioner further contends that even if the district court of Alaska were a court of the United States, the Supreme Court has repeatedly held that the perjury charge in the order to show cause does not constitute a ground for contempt, citing In re Michael, 326 U.S. 224, 66 S.Ct. 78, 90 L.Ed. 30; Clark v. United States, 289 U.S. 1, 53 S.Ct. 465, 77 L.Ed. 993; Ex parte Hudgings, 249 U.S. 378, 383, 39 S.Ct. 337, 63 L.Ed. 656; Toledo Newspaper Co. v. United States, 247 U.S. 402, 38 S.Ct. 560, 62 L.Ed. 1186; Marshall v. Gordon, 243 U.S. 521, 37 S.Ct. 448, 61 L.Ed. 881.

In In re Michael, the attorney was held in contempt for perjury committed before a grand jury, the district court finding: "that he had given 'false and evasive' testimony before a Grand Jury which 'obstructed the said Grand Jury in its inquiry and the due administration of justice.'" The court of appeals affirmed. The Supreme Court, in reversing, stated, 326 U.S. at pages 227–228, 66 S.Ct. at page 79, that the evidence showed the attorney had committed no "misconduct of any kind other than false swearing." It held that the district court was without power to hold in contempt, stating:

"All perjured relevant testimony is at war with justice, since it may produce a judgment not resting on truth. Therefore it cannot be denied that it tends to defeat the sole ultimate objective of a trial. It need not necessarily, however, obstruct or halt the judicial process. For the function of trial is to sift the truth from a mass of contradictory evidence, and to do so the fact finding tribunal must hear both truthful and false witnesses. It is in this sense, doubtless, that this Court spoke when it decided that perjury alone does not constitute an 'obstruction' which justifies exertion of the contempt power and that there 'must be added to the essential elements of perjury under the general law the further element of obstruction to the Court in the performance of its duty.' Ex parte Hudgings, supra, 249 U.S. 382, 383, 384, 39 S.Ct. 339, 340, 63 L.Ed. 656. And the Court added, 'the presence of that element (obstruction) must clearly be shown in every case where the power to punish for contempt is exerted.'"

The respondent makes no reply to petitioner's contention based on these cases, but contends that we have decided that the writ of prohibition will not issue against the district court on the ground of the absence of its jurisdiction, where that question is before it and has not been decided. Hammond Lumber Co. v. United States District Court, 9 Cir., 240 F. 924, 927. With this we agree. Cf. Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185. We think despite the strong case stated by petitioner, the question of absence of its jurisdiction should be decided first by the district court.

The petition to issue the writ *is* denied.