UNITED STATES *v.* SWEET

No. 577.   Decided June 29, 1970

PER CURIAM.

On September 30, 1968, the District Court for the District of Columbia dismissed, "with prejudice," an indictment charging appellee Sweet with various crimes under the D. C. Code, on a finding that the Government had not acted promptly enough in bringing the case to trial.   The United States appealed this dismissal pursuant to D. C. Code § 23–105* to the Court of Appeals for the District of Columbia Circuit.   That court, without making any determination of its jurisdiction under § 23–105, certified the case to this Court pursuant to 18 U. S. C. § 3731, the Federal Criminal Appeals Act.

We conclude that certification under § 3731 was not proper in the circumstances of this case.   Section 3731

---

*D. C. Code § 23–105 (a) (Supp. III, 1970) provides:

"In all criminal prosecutions the United States or the District of Columbia, as the case may be, shall have the same right of appeal that is given to the defendant, including the right to a bill of exceptions: *Provided,* That if on such appeal it shall be found that there was error in the rulings of the court during a trial, a verdict in favor of the defendant shall not be set aside."

provides in terms for certification only "[i]f an appeal shall be taken *pursuant to this section* to any court of appeals which, in the opinion of such court, should have been taken directly to the Supreme Court . . . ." (Emphasis added.) The Government's appeal to the Court of Appeals in this case was not pursuant to § 3731 but instead expressly pursuant to D. C. Code § 23–105, which contains no provision allowing transfer to this Court. Moreover, as noted earlier, it appears that the Court of Appeals has made no determination that it lacked jurisdiction to hear the Government's appeal under the broad terms of § 23–105, a statute that we previously held was unaffected in scope by the subsequent passage of the Criminal Appeals Act, *United States* v. *Burroughs,* 289 U. S. 159 (1933).

Accordingly, we hold that transfer to this Court was inappropriate and we return the case to the Court of Appeals for further proceedings.

*It is so ordered.*

Mr. Justice Douglas dissents.

Mr. Justice Marshall took no part in the decision of this case.