SALT RIVER PROJECT ARICULTURAL

IMPROVEMENT AND POWER DISTRICT

Plaintiff

vs.

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS

LOCIAL UNION #266, ET AL,

Defendants

Decided On January 23, 1978

Byron Caton, Tansey, Rosenbrough, Roberts & Gerding, Farmington, New Mexico, for Plaintiff

C. Benson Hufford, Ward, Hufford & Blue, Flagstaff, Arizona, for Defendants

WALTERS, District Judge

On January 17, 1978, the Plaintiff filed a Motion for a Temporary Restraining Order and Permanent Injunction seeking to restrain the defendants from engaging in a variety of acts while on strike against the Plaintiff.

On that same day, a Temporary Restraining Order was issued

without notice to the defendants enjoining a number of acts.

The next day the Court, on its own motion, deleted paragraphs k, l, m, n, r and t of the Temporary Restraining Order as the Court felt these paragraphs violated the rights of the defendants.

On January 19, 1978, the defendants filed a motion pursuant to Rule 18, Rules of Civil Procedure, to dissolve the Temporary Restraining Order

The defendants' motion raises three questions which must be answered by this Court:

1.  Does this Court lack jurisdiction in this matter because of the provisions of 7 N.T.C. 133?

2.  If this Court has jurisdiction pursuant to the Navajo Tribal Code, does it lack jurisdiction pursuant to the provisions of the Norris-LaGuardia Act, 19 U.S.C. 101 et seq.?

3.  If this Court has jurisdiction, did it act properly in issuing the Temporary Restraining Order?

The first question must be answered in the negative.

Title 7, Section 133(e) of the Navajo Tribal Code grants jurisdiction to the Navajo courts over all matters "which may hereafter be placed within the jursidiction" of the courts by Tribal Council Resolution.

Title 17, Section 741 et seq. of the Navajo Tribal Code, dealing with trespass, does not refer to Indians committing a crime but rather "persons".

Since this section of the Navajo Tribal Code was passed on February 17, 1976, and is therefore later than 7 N.T.C. 133, it is clear that 7 N.T.C. 133(e), when read in conjunction with 17 N.T.C. 741 et seq., confers jurisdiction over non-Indians.

In order for this Court to prevent a criminal act from occurring, it is necessary that this Court possess the appropriate civil jurisdiction to enjoin the threatened criminal act.

This Court would be remiss in its duty to the public were it to merely wait for a criminal act to occur rather than issue an order to prevent it.

The second question must also be answered in the negative.

The Norris-LaGuardia Act, 29 U.S.C. 101 states that "no court of the United States, as herein defined [emphasis added] shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute, except in strict conformity with the provisions of this Act..."

Thus, it must be determined whether Navajo courts are "courts of the United States" as that term is used in the Norris-

LaGuardia Act.

29 U.S.C. 113(d) defines the term "courts of the United States" as follows:

> The term "courts of the United States" means any court of the United States whose jurisdiction has been or may be conferred or defined or limited by Act of Congrees, including courts of the District of Colombia.

The Ninth Circuit Court of Appeals in the case of International Longshoremen's & Warehousemen's Union v. Wirtz, 170 F.2d 183, cert. den. 336 U.S. 919, 93 L.Ed. 1082, 69 S.Ct. 641 reh. den. 336 U.S. 971, 93 L.Ed. 1121, 69 S.Ct. 936, stated that the phrase "courts of the United States", without more, means solely courts created by Congress under Article III of the Constitution of the United States.

Obviously, when the Constitution of the United States was written Indian courts had not been conceived. Therefore, Navajo courts are not Article III courts and the restrictions of the Norris-LaGuardia do not apply.

Assuming the Norris-LaGuardia Act does apply to Navajo courts, the Temporary Restraining Order issued still complies with the provisions of the Act. 19 U.S.C. 104 specifies what a temporary restraining order and injunction may not enjoin. This Court's order does not enjoin anything covered in 29 U.S.C. 104.

The defendants cannot seriously argue that the order re-

straining them from committing criminal acts violates any provision of the Norris-LaGuardia Act.

The final questions posed by the defendants' motion must also be answered in the negative.

This Court, on its own motion, deleted those paragraphs of the original Temporary Restraining Order which might have violated the defendants' rights of freedom of speech, assembly, due process and equal protection.

The Temporary Restraining Order merely prevents the defendants from engaging in any acts which would be criminal even without the Temporary Restraining Order.

The Temporary Restraining Order was issued by this Court in the hope that such an order would act to prevent any further violence from occurring.

A full hearing in this matter has been set for January 30, 1978, and the defendants will have a further opportunity to present their side of the case.

The Motion to Dissolve the Temporary Restraining Order is DENIED.